LOWRY *vs.* STOWE.

1. An objection, that the affidavit on which an attachment issues, has not been verified, and subscribed; or that the justice, before whom the same purports to have been made, was not such, in fact,—must be presented by plea in abatement.

2. A defective bond in attachment, may be amended by the substitution of a new and perfect bond, and if plaintiff, when required by the court to amend, decline doing so, the attachment may be quashed.

3. The form of a writ of attachment, prescribed by the statute, does not recognise the seal of the justice issuing the same, and the seal placed immediately after the signature of the justice, is a sufficient compliance with the law.

4. The act of eighteen hundred and seven, (Aik. Dig. 278,) which provides, that the cause of action shall be endorsed on the writ, applies only to initiatory process, in a cause issued from courts, in which clerks are necessary officers, and does not extend to attachments issued by a judicial officer.

Error to the County court of Tuskaloosa.

This was the case of an attachment, for a sum above fifty dollars, commenced before a justice of the peace, and returned into the County court.

A motion was submitted to quash the attachment, upon various grounds, which appear in the opinion of the court; and it was sustained on the ground, of a want of a sufficient affidavit. The position relied on for quashing the affidavit, was, that the justice who issued the attachment, had not signed his name at the bottom of the paper.

The court was informed, (all which appeared by a bill of exceptions,) it being evening, that plaintiff regarded this objection as immaterial, but if the court thought otherwise, plaintiff wished to have the advantage of a motion to amend. The court took an *advisare*, till morning, and then quashed for want of affidavit.

The plaintiff offered proof to show—

1. That Robert T. Clyde's name was in the body of the affidavit, and it was filled up by himself.

2. That Robert T. Clyde was a justice of the peace, and that plaintiff had sworn to the attachment before him.

All which the court refused to admit, and exceptions were taken.

It was assigned for error—

1. The court erred in quashing the attachment, for the reason stated in the bill of exceptions;

2. The court erred in quashing the attachment generally;

3. The court erred in refusing to admit the testimony, as shown in the bill of exceptions;

4. The court erred in overruling the motion to amend.

*Porter*, for the plaintiff in error.
*Crabb*, contra.

COLLIER, C. J.—The County court of Tuskaloosa was moved to quash the attachment, which had been issued in this case, at the suit of the plaintiff in error, against the defendant:—

1. Because there was no affidavit, or if any, a defective one.

2. Because there is no bond, or if any, no sufficient bond.

3. Because the attachment being for more than fifty dollars, is not returnable, either to the County or Circuit court.

4. Because the attachment is not under the hand and seal of the justice of the peace issuing the same.

5. Because the cause of action is not endorsed on the attachment.

The motion was sustained by the court on the first reason assigned, and this, though the plaintiff offered to prove that the justice of the peace issuing the attachment inserted, *with his own hand,* his name in the body of the affidavit.

The objection to the affidavit is, that the justice does not attest the signature and verification by the plaintiff, in the usual form, of—" Sworn to and subscribed before me, —— ——, justice of the peace," &c. In other respects, it is unexceptionable, and conforms to the directions of the statute.

Upon the motion to quash, every thing disclosed by the proceedings should be taken as true. We must, then, suppose that *Robert T. Clyde was a justice of the peace for Tuskaloosa county—that the plaintiff verified, by oath, the facts set out in the affidavit, and subscribed it with his name*—All this appearing from the affidavit, the first reason furnished no ground for which to quash. If it had been true, that the individual representing himself as a justice of the peace, was not such in fact; or that the affidavit had not been verified and subscribed, the objection should have been taken by plea in abatement,

and not otherwise. In attaining this conclusion, we do not desire to be understood as determining, that an attachment issued upon a *defective* bond or affidavit, can only be quashed on plea, as in cases where *no* bond or affidavit has been *taken and returned*—(Aik. Dig. sec. 3, p. 38.) The question does not necessarily arise, and we therefore leave it open.

The bond is dated on the fourth day of January, eighteen hundred and thirty-six, and recites the attachment as returnable "to the County court, to be held at the court house, on the third Monday in January, instant"—while the attachment appears to have been issued on the fourth day of January, eighteen hundred and thirty-eight. The bond is defective in describing the attachment as being returnable almost two years before its issuance. Yet it is conceived that this discrepancy will not sustain the judgment of the County court; but the defect might have been amended by the substitution of a new and perfect bond : if the plaintiff had declined, upon the requisition of that court, thus to amend, it would then have been time enough, to quash his attachment.—(See Aik. Dig. sec. 17, p. 42.)

Neither the third, fourth, or fifth reasons for the motion, were well taken. It sufficiently appears from the attachment, that it was returnable to the *County court of Tuskaloosa.* The form of the writ prescribed by the statute, does not recognise the seal of the justice. The test is as follows : "Witness, ——— ———, a justice of the peace in and for the county aforesaid, at ——, the —— day of ——, in the year," &c. The seal, then, immediately after the signature of the justice, is a sufficient compliance with the law.

Lowry vs. Stowe.

In Johnson vs. Perry, (4 Stew & Por. 45,) it was decided, that the want of an endorsement of the cause of action on the writ, issued by the clerk of a County or Circuit court, returnable to their respective courts, was properly pleadable in abatement.    The provision of the act on which that decision is founded, is as follows: "And it shall be the duty of the clerk or plaintiff's attorney, to endorse on the back of the writ, the cause of the action, the nature of the specialty, or the grounds on which the action is founded," &c.    The title of the act is "An act establishing Superior courts, and declaring the powers of the territorial judges"—and was passed in eighteen hundred and seven—(Aik. Dig. sec. 112, p. 278.)    The laws enacted professedly for the regulation of attachments, though very explicit in pointing out their form, and the grounds which entitle a party to that proceeding, are entirely silent as to the necessity of accompanying the process with a more particular statement of the cause of action, than the writ itself contains.    It sufficiently appears, both from the title and terms of the act of eighteen hundred and seven, that it applies to the initiatory process in a cause issuing from courts in which clerks are necessary officers; and cannot therefore extend to attachments issued by a judicial officer.

For the decision of the County court, touching the sufficiency of the *affidavit*, its judgment is reversed, and the cause remanded.