LOWE & WEAVER *VS*. DERRICK.

1. An attachment will not be quashed for a defective bond, unless plaintiff decline on an opportunity afforded, to substitute one that is sufficient.

Error to Madison County court.

Attachment.—The error assigned, in this case, was that the court below, on motion, quashed the attachment for a defect in the bond.

*Hopkins*, for plaintiff in error.
*McClung*, contra.

COLLIER, C. J.—It is conceded by the counsel for the defendant in error, that the opinion of the court, at its present term, in Alford vs. Johnson, is decisive to show the judgment of the County court is erroneous, but he insists that the attachment bond does not conform to the act of the twenty-third December, eighteen hundred and thirty-seven—(Acts of 1837, p. 62.)

By the first section of that act, it is enacted " that the condition of all bonds, executed by all persons suing out original attachments, shall, and is hereby declared to be, to prosecute such attachment with effect, and pay the defendant all such damages as he or she may sustain, by the wrongful or vexatious suing out of such attachment, as the same is now provided for by law, to be found in Aikin's Digest, sec. 3, under the title of attachments." This provision seems to us so explicit, as scarcely to ad-

mit of controversy, that it was the intention of the Legislature to repeal so much of the 6th section of the act of eighteen hundred and thirty-three, as prescribed the condition of the bond, and to re-enact the 3d section, which requires a bond with the condition materially variant.

The bond, in the case before us, is dated on the third of December, eighteen hundred and thirty-eight, and its legal sufficiency is of course to be determined by the act of eighteen hundred and thirty-seven. The condition is a copy of the form given by the 6th section, which will be seen by a reference to Alford vs. Johnson, does not impose upon the securities so extensive a liability, and is not, consequently, so beneficial to the defendant in the attachment, as the condition required by the 3d section of the act of eighteen hundred and thirty-three. The bond, then, is defective, yet the defect did not authorise the judgment of the County court, by which the attachment and proceedings therein were quashed; unless the plaintiffs in error had declined on an opportunity having been afforded them to substitute a sufficient bond— (Lowry vs. Stowe, 7 Porter, 483.)

The judgment is reversed, and the case remanded, that such proceedings may be had in the premises as are indicated by this opinion.