Mr. Justice Tuottek
delivered the opinion of the court:
The reasoning of the supreme court in Walker’s Rep. 461, is relied on in support of the objection to the seal. The question which., arose .in .that case was, whether - the writing on which the ■ action was; founded,-was. a bond or'a promissory note, and the court held that the scroll .annexed to the name of the maker did not become a. seal, unless there was some evidence upon the paper of his intention to use the .same as a substitute for a'seal. The distinction is -of importance between bonds, .or bills s.ingle and promissory notes, since the former is regarded as a security of higher dignity than the latter. .But none, of the. reasons which can demand the distinction in cases like that, can have any application to an attachment. The latter is a judicial, writ, and its validity must depend upon its conformity to the law. The intention of the judge,or justice who issues it, is rout of-the question. The law does indeed require that it shall be signed and sealed by the justice, but the form of the writ which has been prescribed by the legislature does not require the use of dhe words “witness my hand and seal,’? which the court below appear to have considered essential to express the intention of the justice to give the scroll annexed to his name the character and dignity of a seal. The teste is in tire words -used by the justice in the writ, which are “ witness John F. Pierson, justice, &c.” This we regard as a strict compliance with the law.
The case of Lowrey v. Stowe, 7 Porter, 483, is precisely similar to this so far as regards this question, and the objection taken to the present attachment was there held not to be tenable. The *157 court say, the form of the attachment given in the statute does not recognize the seal of the justice, and. the act of affixing a seal opposite his name was sufficient. '
It is not considered necessary to express qn opinion upon the question of jurisdiction, which has been raised in the argument-of counsel. It was not made in the court below, and we do not consider it properly before' us, as the case is presented by the record. The judgment must be reversed, and the cause remanded. ■