## COBB v. FORCE, BROTHERS & CO.

1. It is irregular to join two distinct matters of abatement in the same plea, and such a plea is bad on demurrer.

2. In an attachment by one non-resident against another, the affidavit should show that the defendant has not sufficient property within the State of his residence to answer the debt, within the belief, as well as within the knowledge of the person making the affidavit; and such a defect is sufficient to abate the attachment, when pleaded.

WRIT of error to the Circuit Court of Randolph county.

Assumpsit on two promissory notes. The suit was commenced by attachment. The affidavit was made by an agent, who swears that the defendant is a non-resident, and that he has not within the State of his residence, within the *knowledge* of the affiant, sufficient effects whereof to satisfy the debt, &c.

The bond for the attachment, is of the same date with that process, and is approved by "Wm. H. Cunningham, clerk."

The defendant pleaded two pleas in abatement. The first craves oyer of the attachment and affidavit, and then asserts, that on the identical day that the first was issued, both plaintiff and defendants were non-residents; that no bond was approved before the issuance of the attachment in the manner required by the statute, i. e., the plea negatives all the requirements of the statute; also, that no affidavit was made in the terms of the statute, i. e., the plea negatives all the requirements of the statute. The second plea craves oyer in like manner, but extends only to the affidavit. The plaintiffs demurred to these pleas, and the demurrer being sustained, the defendant refusing to plead over after judgment of *respondeas ouster*, final judgment was rendered.

The overruling of these pleas is now assigned as error.

S. F. RICE and W. B. MARTIN, for plaintiffs in error, cited Clay's Digest, 57, § 9, and insisted,

1. That the affidavit was bad, inasmuch as it does not allege that the defendant had no effects, in the State of his residence, wherewith to satisfy the plaintiffs' debt, within the *belief* of the affiant, as well as within his *knowledge*.

2. That it did not appear that the bond was approved by the clerk of the circuit court, *before* the issuance of the attachment.

HEYDENFELDT and T. A. WALKER, *contra*, argued that both of the pleas were double, the setting out two distinct causes of abatement, but one of them, the omission to approve the bond, is immaterial; and the other is purely technical.

GOLDTHWAITE, J.—1. The pleas in this case show, that the attachment was sued out under the 9th section of the act of 1833. That extends the benefits of the general attachment law, to non-resident creditors, but provides also, that such "shall give good and sufficient security, residing within the State, to be approved of by the judge of the county court, where the property or effects may be, or by any judge or clerk of the circuit court, for the amount, and with the like condition as required in other cases; and that in addition to the oath now required by law, such non-resident plaintiff, his agent or attorney, before obtaining such attachment as is authorised by this act, shall swear that the defendant, against whom such attachment is sued out, has not suffi-

cient property within the State of the residence of the defendant, within the knowledge or belief of such non-resident plaintiff, his agent or attorney, wherefrom to satisfy such debt or demand.— [Clay's Digest, 57, § 9.]

We think the first plea presents two distinct grounds of defence, if we consider the allegations as setting up an entire omission to give the bond required by statute, and this is the view we take of it, because no oyer is asked of the bond which appears in the record. It then sets up as a defence, two distinct facts. 1. That there is no sufficient affidavit; and 2d, that there is no bond whatever. The first of these objections, if true, is a fatal defect, but the second, conceding it to be also true, could be obviated by giving a sufficient bond. If then, an issue was taken on this plea, and a sufficient affidavit shewn, but no bond whatever, it would be difficult to say what the finding or judgment should be. The rule is, that a plea is double, when it states two or more facts, either one of which would constitute a defence. [Chitty's Plead. 231, 447.]

2. The second plea, however, is good, for it applies only to the affidavit, and shows a fatal omission of a material requirement of the statute. It was considered as essential, that the party suing out the attachment, should state his want of *belief*, as well as his want of knowledge, that the defendant had sufficient property to answer the debt, within the State of his residence.— Indeed, it may well be presumed, that actual knowledge of the entire solvency and ability of a non-resident, to meet his debts, would scarcely protect him from this process, if it could be easily evaded by substituting an agent without such knowledge; if this agent was not also required to state an absence of all belief of the fact.

As the court below erred in overruling the second plea, the judgment is reversed, and the cause remanded.