## McNamara *v.* Ellis.

An affidavit for an attachment in the words as affiant "verily believes," is sufficient.

Where the defendant answered and filed interrogatories, and took a rule generally for a reply, and the plaintiff replied without answering the interrogatories: *Held,* that the cause could not be dismissed because the interrogatories were not answered.

Where the proceedings on an attachment do not show that the property was attached in the presence of, nor that it was appraised by, a householder, an order for its sale will be reversed.

*Wednesday,
June 13.*

APPEAL from the *Floyd* Court of Common Pleas.

*Per Curiam.*—Suit upon a note commenced by attachment. The defendant appeared and moved to dismiss the attachment, because the affidavit was as the affiant "verily believed." The motion was overruled. The affidavit was sufficient. *Trew* v. *Gaskill,* 10 Ind. R. 265.

The defendant answered, and filed interrogatories, and took a rule generally for a reply. Perhaps this did not amount to a rule to answer interrogatories.

The plaintiff replied to the answer, but did not answer the interrogatories. No steps were taken to compel an answer; but a motion was made to dismiss the cause, because the interrogatories were not answered. The motion was overruled. This was right. Perk. Pr., 238. A case was not presented making it the absolute duty of the Court to dismiss under § 363, 2 R. S. p. 120.

The cause was submitted to the Court; judgment for the plaintiff on the note, and that the attached property be sold, &c.

The order to sell the attached property was erroneous,

because the proceedings on the attachment did not appear to be legal. It did not appear that the property was attached in presence of, nor that it was appraised by, a householder, as the statute requires. See *Willets* v. *Ridgway*, 9 Ind. R. 367.

The order for the sale of the property is reversed with costs. The judgment on the note is affirmed.

*J. H. Stotsenburg* and *T. M. Brown*, for the appellant.

*D. C. Anthony*, for the appellee.