HOWELL and others vs. KINGSBURY and another.

An order of court, denying an application to dismiss a writ of attachment for ir-
    regularity, is *appealable*, under the 1st clause of the 3d subdivision of section
    10, chap. 64, Laws of 1860.
In an affidavit for a writ of attachment, made by the attorney of a non-resident
    plaintiff, it is sufficient that the statement as to the amount and nature of
    the defendant's indebtedness, appears to have been made " upon information
    and belief derived from and founded upon the written admissions of the de-
    fendant, then in the attorney's possession."

APPEAL from the Circuit Court for *Winnebago* County. This was an appeal from an order made by the court below, denying the application of the appellants for an order to set aside and dismiss a writ of attachment for irregularity. The application was based upon the alleged insufficiency of the affidavit annexed to the writ of attachment, which, after the title of the action, was as follows: " M. A. Edmonds, being duly sworn, on oath says, that he is attorney for the plaintiffs in the above entitled action, and makes this affidavit in their behalf for the reason that they are not within nor residents of the said county of Winnebago, where deponent resides, but reside, as deponent is informed and believes, in the city and state of New York; that the defendants are indebted to the plaintiffs in this action in the sum of five hundred dollars, and the interest thereon from the 6th day of September instant, over and above all legal set offs; that the same is due upon an express contract, as stated in the complaint in this action; all of which is stated upon information and belief, derived from and founded upon the written admissions of the defendants, now in deponent's possession. And deponent further says he has good reason to believe that the defendants are about to assign, dispose of or conceal some of their property, with intent to defraud their creditors, and that the defendants have assigned, disposed of or concealed some of their property with intent to defraud their creditors, and that the defendants have moved or are about to remove some of their property out of this state, with intent to defraud their creditors."

The objections made to the affidavit were: 1. That it does not allege that the indebtedness is made upon contract express or implied. 2. That the indebtedness is alleged on information or belief, and not positively averred. 3. That the affidavit does not state a single fact necessary to authorize the execution of the writ of attachment.—The court, at general term, made an order denying the motion, and the defendants appealed.

*Freeman & Jackson*, for appellants:

The clause " all which is stated upon information and belief," qualifies every statement going before it in the affida-

January Term, 1862.

Howell et al.
v.
Kingsbury et al.

vit, and deprives each statement of its positive character, and reduces it to a simple affirmation of the affiant's information and belief. As to the admissions of the defendants, from which the information is derived, the affidavit is silent as to their nature, when and where and to whom made, or whether by both or one of the defendants. There is not a single admission of the defendants stated, and nothing can be taken by inference to help the affidavit. This being a special statutory proceding, the party seeking to avail himself of it must bring himself literally within the statute. *Quarles vs. Robinson*, 1 Chand., 29. The indebtedness must be positively alleged. *Same Case.* The affidavit must be made upon positive knowledge of the deponent, so far as to establish a *prima facie* case. *St. Amant vs. De Berxcedon*, 1 Code Rep. (N. S.), 104. A statement upon information and belief is not enough. *Gilbert vs. Tompkins*, id., 12; *Genin vs. Tompkins*, 12 Barb. (S. C.), 273; Voorhies' N. Y. Code, 5th Ed., 279. The manner of stating the indebtedness in this affidavit would not be good in a complaint; for a fact which is necessarily within the knowledge of the party cannot be stated upon information and belief. Van Santvoord's Pl., 214; 7 How. Pr. R., 281; 3 Sandf. (S. C.), 707. The affidavit is in the nature of a pleading.—The affidavit also joins two of the seven subdivisions or clauses specified in the statute. If two of these subdivisions or clauses can be joined, then the whole may; it is evident that the legislature intended that the affidavit should contain a statement of the actual indebtedness, the amount and nature thereof, and the further additional statement of one of the classes of facts named in that section, to show the necessity of the issuing and execution of the writ, and then stop; setting forth, in the language of the statute, one single, traversable class of facts, and no more.

*M. A. Edmonds*, for respondent, contended that no appeal lies from an order denying a motion to dismiss a writ of attachment for irregularity (Gen. Laws of 1860, chap. 264, sec. 10); and as to the sufficiency of the affidavit, cited *Ex parte Haynes*, 18 Wend., 614; 7 Barb., 656.

May 15.          *By the Court*, Dixon, C. J. The order is appealable. The

writ of attachment is clearly a provisional remedy.  An or-
der refusing to set it aside, "continues" it, within the mean-
ing of the first clause of the third subdivision of section
10, chap. 264, Laws of 1860.    Otherwise this word would
be without effect as to all provisional remedies save an
injunction, and then only in the instance of an order which
by its terms expires on a given day.    The legislature evi-
dently did not intend thus to limit its application.    They
use it with reference to every provisional remedy, and their
intention cannot be effectuated but by supposing that they
considered a refusal to vacate as equivalent to a *continuance*
of the order, in those cases where an opportunity to appeal
from the original order is not given.

The subsequent express provision for orders setting aside
or dismissing writs of attachment for irregularity, cannot be
regarded as a restriction of the previous general words.    It
was inserted to extend the right of appeal to a class of cases
not before provided for.    Such orders not being included by
the previous words, no appeal could have been taken from
them but for this provision.

The motion was properly denied.    The affidavit is not
*hearsay.*    The *information and belief* of the affiant as to the
indebtedness of the defendants, as appears from the affidavit,
were founded upon facts and circumstances which would have
been adducible in proof against the defendants in a court of
justice.    18 Wend., 611; 7 Barb., 656.    They are founded
upon the defendants' written admissions, in the possession
of the affiant; and though the admissions are not recited,
yet they are stated with sufficient certainty and positiveness
to authorize the issuing of the writ—more especially since
no preliminary order of the court or judge is required for
that purpose.

Order affirmed.