## HALL & CURRY vs. BRAZLETON.

[ACTION FOR BREACH OF SPECIAL CONTRACT TO DELIVER COTTON.]

1. *Motion to quash attachment.*—By the 13th rule of practice, (Code, p. 715,) a motion to quash an attachment "must be made at the first term at which it can be made," or it cannot be entertained.

2. *Amendment of affidavit for attachment.*—In an affidavit for an attachment at law, an averment that the writ "is not sued out for the purpose of vexing or harassing the defendant," (Code, § 2506,) is matter of substance, and cannot be supplied by amendment.

APPEAL from the Circuit Court of Perry.

The record does not show the name of the presiding judge.

THIS action was brought by the appellants, suing as partners, against A. J. Brazleton, and was commenced by original attachment. The attachment was sued out on the 1st December, 1865, and was made returnable to the next term of the circuit court. At the May term, 1866, the defendant pleaded in abatement the insufficiency and defectiveness of the affidavit, because it failed to aver that the attachment was not sued out for the purpose of vexing or harassing the defendant; and at the November term, 1866, without disposing of the plea in abatement, the court sustained a motion to quash the attachment, on account of the insufficiency of the affidavit. The judgment of the court, quashing the attachment, is now assigned as error.

ALEX. WHITE, and JNO. T. HEFLIN, for appellants.

W. M. BROOKS, *contra.*

A. J. WALKER, C. J.—This suit was commenced by original attachment, returnable to the spring term of the court. At the first term of the court, the defendant pleaded in abatement the defectiveness of the affidavit upon which

the attachment was issued.    At the next term, a motion to quash was made and sustained, the plea in abatement remaining undecided.

Two of the grounds of reversal presented by the appellants' counsel are—that the motion to quash was made too late ; and that, if the motion to quash was well taken in point of time, the judgment should not have been absolute, but should have been conditioned upon the failure of the plaintiff to amend the affidavit.

1.  Upon the former of those two grounds, the judgment must be reversed.    The 13th rule of practice (Code, p. 715) declares, that "amotion to quash an attachment, appeal, or process, must be made at the first term at which it can be made, and not afterwards."

2.  The other ground of reversal pressed in the argument of counsel must be noticed, because it raises a question which will arise in the circuit court, if the plea in abatement should be sustained.    The defect in the affidavit is the omission of the assertion, "that the attachment is not sued out for the purpose of vexing or harrassing the defendant."    Can this defect be remedied by an amendment?

In the case of *Saunders v. Cavett*, (39 Ala. 51,) the matter omitted in this case was held to be material.    In that case, the jurisdiction of the chancery court depended upon the attachment ; and therein there is a difference from this case.    The jurisdiction of the court was denied on account of the omission, which reason would have forbidden if the words omitted had been mere matter of form, and not of material substance.    We therefore use the ruling of the court in that case as an authority to show that the omission was of something material, and of substance, and, under the liberal rules which prevail in chancery, not susceptible of restoration by amendment.

The authority cited stamping the defect in hand as material, and not merely formal, the question arises, as to the amendableness of a defect of such a character ; and this question is to be determined, mainly, by an examination of our statutes.

Section 2561 of the Code directs as follows :  "Attachments, issued without affidavit and bond *as herein prescribed*,

may be abated on plea of the defendant, filed within the first three days of the return term." The sections which prescribe the contents of the bond and affidavit are in the same title, and are referred to in the section quoted. Under this section, attachments are abatable for non-conformity to the previous sections in reference to the bond and affidavit. The subjection of attachments to abatement by the generality of phrase employed in section 2561, it was apprehended, would produce injurious consequences. Therefore that section was followed by the qualifications found in section 2562, which is as follows: "The attachment law must be liberally construed to advance *the manifest intent* of the law ; and the plaintiff, before or during the trial, must be permitted to amend any defect of form in the affidavit, bond, or attachment; and no attachment must be dismissed for any defect in, or want of a bond, if the plaintiff, his agent, or attorney, is willing to give or substitute a sufficient bond."

A significant distinction is made in this section, between defects in affidavits and defects in bonds. After the amendable character of defects of form is asserted, a clause is added which provides a remedy for any defects in bonds, and even for the entire want of a bond. It is thus most obvious, that the law-making power had in its mind the distinction betwen form and substance.

The statute, (section 2506,) in imperative language, requires three sworn statements, before the issue of the attachment. These statements are, the amount of the debt or demand, and that it is justly due ; the existence of one of the specified causes, and the negation of a purpose of vexing or harassing the defendant. No discrimination in importance and materiality, against the third of those statements, is made or suggested by the statute. The prescribed bond provides redress for falsity of it, as well as of the other statements ; and if it be a matter of immaterial form, the law-maker stands convicted of degrading the solemn protection of a bond with surety, to the purpose of providing a remedy for incorrectness in a matter of form, and not of substance. Besides, the substantial materiality of it is evidenced by its very nature. The law designs to put

Hall & Curry v. Brazleton.

the conscience of the person obtaining the attachment to the precedent test of a sworn denial of a malicious or vexatious purpose. The injurious effects of an attachment usually fall upon the defendant with great promptitude; and the value of the guaranty would be greatly lessened, if it could be supplied when the mischief has been done. A man standing upon the brink of litigation might hesitate, and weigh the promptings of his conscience much more carefully, than when he is in the midst of its strife. The test is applied to the very person who makes the affidavit, and is designed to test his feeling at the time, and not the subsequent recollection of the emotions which governed him. Unlike the bond, it could never be supplied by any other than the person who made it; and when an agent or attorney has acted, the power of amendment would depend upon the presence and willingness of such agent or attorney to make the amendment.

Drake, in his work on Attachments, (§ 113,) refers to two decisions of this court, where it was held that attachments should not be quashed on account of the defectiveness of bonds, until the party failed to execute a perfect bond. He then proceeds to say, that "the same rule would doubtless be applied in the case of a defective affidavit." This opinion of the learned author was made without an examination of the statutes, and in reference to decisions under statutes materially different from those which apply to the present case. It should not, therefore, control our decision. The cases referred to by the author are *The P. & M. Bank of Mobile v. Andrews*, (8 Porter, 404,) and *Lowe v. Derrick*, (9 Porter, 415.) In the former of those cases, the defect in the bond was in the statement of the term of the court to which the attachment was returnable, and was not a matter of substance, but was amendable under the statute then existing, which provided a remedy where the bond was defective in form. In the latter case, there was a substantial defect in the bond; and we do not perceive how the abatement of the attachment could have been avoided, under the law as it then existed, which only allowed an amendment of defects of form, even in bonds.—See Clay's Digest, 59, § 17. At least, we do not feel willing to allow an

analogy drawn from this decision as to a defective bond to lead us to sanction an amendment of an affidavit so materially defective as the one in hand.

In the two cases of *Lowry v. Stowe*, (7 Porter, 483,) and *Scott v. Macy*, (3 Ala. 250,) the bonds were only defective as to the statement of the return term of the attachment, and were deemed amendable.

Our conclusion is, that the defect in the affidavit is one of substance. and therefore not amendable. This conclusion is based upon the construction of our statutes, which extend the power of amendment only to defects of form. No English decision, which has been brought to our attention, reflects any light upon the construction of our statutes and the deduction of a proper rule of practice under them.

Reversed and remanded.