## BLAIR *vs.* MILLER.

[MOTION TO QUASH WRIT OF ATTACHMENT.]

1. *Attachment; writ of.*—It is not essential to the validity of a writ of attachment, that the term of the court to which it is returnable, should be inserted therein.

2. *Same.*—A direction in a writ of attachment as follows: "To any lawful sheriff of said county, (Dale,) greeting"; is a defect which would only become essential, if the attachment should be levied in another county than Dale.

3. *Amendment in court below.*—The refusal of the court below to allow an amendment is not revisable, in the absence of exception to the ruling of the court thereon.

APPEAL from the Circuit Court of Dale.

NOTE BY THE REPORTER.—The transcript fails to show who was the presiding judge.

THIS was a motion in the court below to quash the writ of attachment, for the reason that it was not made returnable on its face to any particular term of the court, but simply directed that the sheriff should return it to the circuit court of Dale county at Newton.

The following is a copy of the writ of attachment:

"The State of Alabama, ⎱ To any lawful sheriff of said Dale county. ⎰ county, greeting: Whereas, Thomas P. Blair hath complained on oath to me, M. R. Sims, an acting justice of the peace, in and for said county, that Levi Miller is justly indebted to Wm. Blair in the sum of one thousand three hundred and eighty dollars, and the said Thomas P. Blair having made affidavit and given bond as required by law in such cases, you are hereby commanded to attach so much of the estate of the said Levi Miller as will be of value to satisfy the said debt and costs according to the complaint; and such estate, unless replevied, so to secure that the same may be liable to further proceedings thereon, to be held at Newton, in circuit court

of Dale county, when and where you must make known, &c."

The court below refused to allow the plaintiff to amend, and granted the motion of defendant and quashed the writ. There was no bill of exceptions reserved on the trial. The plaintiff appealed and assigned as error, the refusal of the court to allow the amendment, and in quashing the writ.

F. M. WOOD, for appellant.—1. Process must be construed with reference to the law authorizing its issue and return.—*Findley v. Ritchie,* 8 Porter, 454.

2. The writ of attachment in this case was good without amendment. Being returnable to the proper *court,* the law which the sheriff was bound to know fixed the *term* to which it was returnable.—*Findley v. Richie,* 8 Porter, 454 ; *Lyon v. Malone,* 4 Porter, 414 ; *Lore v. McRae,* 12 Ala. 444.

3. The leave asked to amend ought to have been granted. *Findley v. Ritchie,* 4 Porter, 414 ; *Alford v. Johnson,* 9 Porter, 320 ; *Pearsall & Stanton v. Middlebrooks,* 2 Stew. & Porter, 406 ; *Jackson v. Stanley,* 2 Ala. 326 ; *Forward v. Marsh,* 18 Ala. 645.

W. C. OATES and D. M. SEALS, *contra.*—1. The judgment of the circuit court sought to be reversed, was not predicated upon any *particular* defect in the attachment, and if, therefore, it can be upheld for *any defects* upon the face of the attachment, it should be done. The remedy by attachment is an extraordinary proceeding, and the circuit court, although a court of general jurisdiction, in attachment proceedings, is *quo ad hoc,* a court of special jurisdiction.— *Gunn v. Howell,* 27 Ala. Section 2514 of the Code provides, that in attachment proceedings, " no objection shall be taken for any defect in form, *if the essential matters are set forth.*" This section also prescribes the form of the attachment to be used, and when we compare the attachment, in the case at bar, with that form, we see that the " essential matters are (*not*) set forth," in this :

1st. It is directed " to any lawful sheriff of said county," and not " to any sheriff of the State of Alabama," as required by law.—*Gresham v. Leverett,* 10 Ala. 384 ; *Nabors*

*v. Thompson*, 1 Ala. 590. 2d. The attachment recites, that "whereas, Thomas P. Blair hath complained," &c., that the defendant "is justly indebted to Wm. Blair," &c., and that "said Thomas P. Blair having made affidavit and given bond," &c., without any recital as to whether Thomas P. Blair was an agent or a principal. 3d. The attachment further recites that the further proceedings thereon are "to be had at Newton, in circuit court of Dale county, when and where," &c., while the form prescribes that "the same may be liable to further proceedings thereon, to be had *at the next term of the circuit court for the county of Dale, to be held at the courthouse thereof, when and where,*" &c.

Now, if all these misdirections, indefiniteness, variances and omissions are not "*essential matters,*" then it is difficult to conceive of any necessity for following the prescribed form laid down in the statute. Suppose a summons accompanying a declaration upon a promissory note should command the defendant to be and appear "at Newton, in circuit court of Dale," to answer the complaint, &c., and at the succeeding term of that court, next after service, judgment should be rendered by default against him, would it not be erroneous? Or that process issue directing the sheriff to summons a party to appear "at Newton, in circuit court of Dale county," and testify as a witness, and upon his failure to do so a forfeiture is entered against him, could it be upheld either upon principle or authority? The case cited by appellant in 4 Porter, 414, does not controvert these propositions, nor does it aid him in putting the court in error by overruling his motion to amend, because this decision was made under a statute simply directing the return of writs of error to the supreme court. His motion to amend was untimely and contrary to the rules of pleading any way, for it was interposed as an answer to the motion then pending before the court. In *Mathews v. Ansley*, 31 Ala., while a motion was pending to quash, the court permitted the clerk and sheriff to amend the date of the issuance and levy of the attachment, and then granted the motion, which was held to be erroneous.

If, in the examples hypothicated above, the judgment by default, or the forfeiture, would be held erroneous, and in

both of which cases the court exercises a general jurisdiction ; then *a fortiori*, ought the *judicial action* of the justice of the peace, in issuing the attachment in this case, (he being an officer of a court not of record, and even if he had been a judge of the circuit court, would, in this regard have exercised a limited and special jurisdiction by authority of the statute,) to be held insufficient.—*Mathews, Finley & Co. v. Sands & Co.*, 29 Ala. 136.

A. J. WALKER, C. J.—No objection against an attachment can prevail "if the essential matters are set forth." Revised Code, § 2939. We do not regard the direction as to the term to which the attachment is returnable as essential. There is no law directing the term except in the form of an attachment prescribed, but that form distinctly shows, that the next term is the return term. As the law prescribes the term, it was not indispensable to insert it in the attachment. We do not think the other objections made, reach essential matters. The defect in the direction would only become essential, if it was desired to levy the attachment in another county than Dale.—See the authorities on the brief of counsel.

All the defects were amendable, but without a bill of exceptions the refusal to allow an amendment is not revisable, in the absence of an exception.—*Tuskaloosa Wharf Co. v. M. & A. of Tuskaloosa*, 38 Ala. ; Revised Code, §§ 2808, 2809.

Reversed and remanded.