## HALL & CURRY *vs.* BRAZELTON.

[ATTACHMENT—PLEADING.]

1. *Attachment; for what cause may be abated.*—An attachment sued out on an affidavit defective in matter of substance, may be abated on the plea of the defendant.

2. *Attachment; omission of what in affidavit, is matter of substance.*—An affidavit that omits to state that the attachment is not sued out for the purpose of vexing or harassing the defendant, is defective in substance, and is not amendable.

3. *Pleading; what sufficient under the system provided by the Revised Code.* The common law strictness required in pleas in abatement, is abolished with us, and pleas in bar and abatement, stand on the same

Hall & Curry v. Brazelton.

footing, and all that is necessary in either is to state, succinctly, the facts relied on, in such manner as to present a material issue.

4. *Pleas; what defects of, not good ground of demurrer to.*—Defects in stating the commencement or conclusion, or in the prayer, of a plea in abatement, are not defects of substance, and, therefore, no good cause of demurrer—nor is duplicity, in such a plea, a good ground of demurrer.

APPEAL from Circuit Court of Perry.
Tried before Hon. M. J. SAFFOLD.

On the first day of December, 1865, the appellants sued out an original attachment against the appellee, returnable to the May term, 1866, of the circuit court of Perry county.

At that term of said court the appellee pleaded in abatement of said attachment, that the affidavit did not state that the attachment "was not sued out for the purpose of vexing or harassing said defendant." The plea prayed judgment of said attachment, affidavit and complaint, and that they might be quashed.

The cause was continued from time to time until the fall term of said court, 1869, when, as the bill of exceptions states, the plaintiffs filed a demurrer to said plea, and assigned the following causes of demurrer, to-wit:

1. Said plea does not commence and conclude with the proper prayer.

2. The plea is double, as it sets up different matters of abatement.

3. The plea does not conclude with a prayer of judgment of the attachment, and that the same may be quashed.

4. The plea prays judgment of the affidavit, attachment and complaint for a supposed defect, confined to the affidavit, and not existing in the attachment and complaint.

5. The plea prays judgment of the affidavit, attachment and complaint, without setting out the complaint or showing any defect in the complaint.

6. The plea is not signed by the defendant or his attorney.

The demurrer was overruled, and the plaintiffs asked leave to amend the affidavit, &c., which being denied, they declined to plead further, and "it appearing to the satisfac-

tion of the court that the matters of abatement set forth in the plea are true," judgment was rendered, quashing and abating the attachment and declaration, and taxing the plaintiff with costs, and hence this appeal.

The errors assigned are—

1st. Overruling the demurrer to the plea in abatement.

2d. Refusing leave to amend.

ALEX. WHITE, and JOHN T. HEFLIN, for appellant.

———— ————, contra.

PECK, C. J.—The affidavit is clearly defective. The omission to state that the attachment was not sued out for the purpose of vexing or harassing the defendant, is an omission of matter of substance, and not of form merely, and therefore cannot be cured by amendment. Defects of form, only, in such an affidavit, are amendable.—Revised Code, § 2990; Hall & Curry v. Brazelton, 40 Ala. 406.

Under our present system of pleading, no objection can be made to the form of a plea, whether it be in bar or abatement of the action. Section 2638, Revised Code, says a plea must consist of a succinct statement of the facts relied on in bar or abatement of the suit, and no objection can be taken thereto, if the facts are so stated that a material issue can be taken thereon.

It is very clear, this plea contains facts so stated, that a material issue can be taken on them. This is all the statute requires. The manner of their statement is no good cause of demurrer. Section 2629 of said Code, says no objection can be taken for defect of form in a plea; and section 2656 declares that no demurrer in pleading can be allowed, but to matter of substance.

By the common law, great strictness was required in pleas in abatement, and defects of form were treated as matters of substance, and might be taken advantage of by a general demurrer. This strictness is not now necessary. Pleas in bar and in abatement, with us, stand upon the same footing, and all that is required in either, is to state

Hall & Curry v. Brazelton.

the facts succinctly, so as to present a material issue in law or fact.

Section 2989 of said Code enacts, that attachments issued without affidavit and bond, as therein provided, may be abated on plea of the defendant, filed within the first three days of the return term. The manifest meaning of this section is, that an attachment may be abated if issued without a sufficient affidavit or bond; it does not require it to be issued without either, to justify a plea in abatement.

An affidavit or bond, defective in matter of substance, is in legal contemplation equivalent to no affidavit or bond whatever.

If the defect be of form, only, it may be amended, whether it be in the affidavit or bond, or both; but an attachment must not be dismissed for any defect in, or want of, a bond, if the plaintiff, his agent or attorney, is willing to give or substitute a sufficient bond. The affidavit, however, if defective in substance, is not amendable, and the attachment must be abated, on the plea of the defendant.—§ 2990, Revised Code.

The causes of demurrer, assigned to the plea in abatement in this case, do, none of them, disclose any defect of substance. They all relate to the form and manner of the plea, and not to any matter of substance, and for that reason constitute no good cause of demurrer to said plea; therefore, the court below committed no error in overruling said demurrer.

The 6th cause of demurrer is not sustained by the record; the plea is not only signed, but sworn to, by the defendant.

The judgment is affirmed, at appellant's cost.