[DeBardeleben v. Crosby.]

# DeBardeleben v. Crosby et al.

### Attachment for Rent.

1. *Attachment; motion to quash.*—A motion to quash an affidavit for defects or irregularities in the writ, or apparent on the face of the affidavit, if made within the time prescribed for pleading in abatement, is addressed to the sound discretion of the court, and may be entertained or refused, and the party put to his plea as the court may elect; and the exercise of this discretion is not revisable.

2. *Same; attachment for rent, upon what levied.*—A writ of attachment for recovery of rent due the landlord (§§ 2961-3 R. C.) should specify that the writ is leviable of the crops grown on the rented premises. If it issues generally, and is levied on other property, the levy will be set aside on motion. Whether this would be such a defect as would render the attachment abatable or subject to motion to quash, is not decided.

3. *Same; what affidavit must state.*—An affidavit for such attachment which omits to state the year for which the rent is due, or that the lands had been rented of the plaintiff, or that the removal of the crops was without his consent, is insufficient.

APPEAL from Elmore Circuit Court.

Tried before Hon. J. Q. SMITH.

This was an attachment for rent sued out by DeBardeleben under the provisions of §§ 2961-3 R. C. which give the landlord a lien on the crop grown on rented land for rent for the current year, and the remedy by attachment for its collection. The affidavit for the attachment states that Crosby and Ware, the appellees, "are justly indebted to said DeBardeleben in the sum of $200 for rent after allowing all just offsets and discounts, and that said Crosby and Ware are moving, or about to move, the crop off of the place, before paying the rent for said place. The rent being due the 1st of November, by a promissory note, and that this attachment is not sued out for the purpose of vexing or harassing the defendants, or other improper motive."

DeBardeleben having given bond, a writ of attachment issued, not expressing that it was leviable only of the crop, commanding the officer "to attach so much of the estate of the appellees as would be of sufficient value to satisfy the debt," &c.

At the term to which the writ was returnable, the defendants appeared and pleaded in abatement that the affidavit does not aver that DeBardeleben was landlord or owner of the premises for which the rent debt is due, and also that the affidavit does not aver for what year the rent claimed in the writ is due; and also that the writ was issued against

[DeBardeleben v. Crosby.]

the estate of the defendants, whereas the debt claimed is for rent of land. This plea was filed March 25th, 1874. They also made a motion to quash the writ of attachment on the following grounds:

1st. The demand sued for is rent, and the attachment is issued against the estate of the defendants, and not against the crop.

2d. The affidavit for attachment does not show that affiant was landlord of defendants, or owner of the premises for which rent is claimed.

3d. The affidavit does not show for what year the rent claimed is due.

4th. There is a variance between the affidavit and writ, in that the affidavit sets out a debt due for rent of a place, and the writ issued merely for a simple debt.

Whether this motion was made before or after the plea in abatement was filed, is not shown.

On the 27th of March the court rendered judgment quashing the attachment and gave judgment against plaintiff for costs and dismissed the suit.

WATTS & WATTS, for appellant.

J. &. J. M. FALKNER, contra.

BRICKELL, C. J.—1. Defects and irregularities in a writ of attachment, or apparent on the face of the affidavit or bond, may be taken advantage of, by motion to quash, if the motion is interposed within the time prescribed for pleading in abatement. *P. &. M. Bank* v. *Andrews*, 8 Por. 404; *Hall* v. *Brazleton*, 40 Ala. 406; *Farmer* v. *McCraw*, 31 Ala. 659, Rule 13, R. C. 821. The motion is addressed to the sound discretion of the court, and may be entertained or refused, and the party put to his plea, as the court may elect. An exercise of the discretion, is not revisable. *Ellison* v. *Mounts*, 12 Ala. 472.

2. The attachment was sued out, under the provisions of the Code, giving a landlord a lien on the crop grown on the rented premises, for the rent for the current year, and entitling him to process of attachment to enforce it, when the tenant has removed, or is about removing, without his consent, the crop or any portion thereof from the premises, the rent being unpaid. Of the facts affidavit must be made, stating the amount of the rent and bond given as in other cases. The attachment is to be levied on the crop. R. C. §§ 2961, 2963. The whole purpose of the statute, is to cre-

VOL. LIII.

[Carter v. Carter.]

ate a lien in favor of landlords, on crops grown on rented lands, and to provide an efficient remedy for the enforcement. It was not intended to give the landlord, in any other respect, or in respect to any other property, priority over other creditors of the tenant, or to authorize him to resort to the process of attachment, in any other case, when they were not entitled to a like remedy. *Hawkins* v. *Gill*, 6 Ala. 620. The attachment should properly specify that it is leviable only on the crop grown on the premises. We do not say, if it issues generally, not expressing that it was leviable only of the crop, that it would be so irregular or defective, as to be abatable or subject to a motion to quash. But if it should be levied on other property, the levy would on motion be set aside, and the property discharged.

3. The affidavit for the attachment was not sufficient. It does not disclose the year for which the rent was due or accruing. It is only the rent for the current year, for which a lien exists, capable of enforcement by attachment. It does not state that the lands had been rented of the plaintiff, nor that the removal of the crop was without his consent. The last fact, if it be a fact, should have been distinctly affirmed. The consent of the landlord to the removal of the crop, or of the part about being removed, relieves the tenant from liability to this remedy. Therefore the fact of consent should be positively negatived in the affidavit. The judgment of the circuit court, quashing the attachment, is affirmed.