# Busbin *v.* Ware.

### *Attachment by Landlord for Rent and Advances.*

1, *Motion to quash attachment.*—A motion to quash an affidavit for defects apparent on the face of it, or a motion to quash a writ of attachment for similar defects, if made within the time prescribed for filing pleas in abatement, is addressed to the sound discretion of the court and may be entertained accordingly; or it may be refused, and the party making the motion, put to his plea, as the court may elect.

2. *When affidavit by landlord for attachment defective.*—An affidavit by a landlord for the purpose of obtaining an attachment for rent and advances, which states, as a ground for the attachment, that he "has good cause to believe said tenants are about to remove from the premises, or otherwise dispose of the crop without paying the amount which will be due for rent and advances," is fatally defective in failing to aver, that the contemplated removal of the crops from the premises of the landlord was without his consent; and a motion to quash the attachment issued thereon, made at the first term at which it could have been made, was properly allowed.

APPEAL from Cherokee Circuit Court.

Tried before Hon. LEROY F. BOX.

This was an attachment by W. H. Busbin, landlord, the appellant, against Jarret Ware and Charley Dickson, tenants, the appellees, and was sued out on the 25th September, 1880, for the purpose of enforcing his statutory lien for rent and advances. The affidavit on which the attachment was issued averred, that the rent and advances would be due on 25th December, 1880, and the ground for the attachment is in these words: "That affiant has good cause to believe said tenants are about to remove from the premises, or otherwise dispose of the crop without paying the amount which will be due for rent and advances." On the first day of the spring term, 1881, of said court, the appellees moved to quash the affidavit and attachment. on the ground, in substance, that the affidavit did not state that. the apprehended removal of the crop from the appellant's premises, was without his consent. The court sustained the motion and quashed the attachment, and this ruling is here assigned as. error.

WALDEN & SON and REEVES, for appellant.—(1). There are three distinct grounds given by the Code for an attachment in favor of the landlord against his tenant.—Code of 1876, § 3472. Like grounds for ordinary attachments, they are separate and

[Busbin v. Ware.].

distinct. The affidavit for the attachment in this case not only *substantially* conforms to the requirements of sub-division 1 of § 3472, but it is a *verbatim* copy of that sub-division. This sub-division does not require the landlord to negative his consent to the act "about" to be done. There is good reason for the failure of this sub-division to require that the landlord's consent shall be negatived. Before the crop is removed, and while it remains upon the premises, the world is charged with notice of the lien.—*Lomax v. Le Grand & Co.*, 60 Ala. 537. After its removal rights of innocent purchasers may intervene and thus prevent the landlord from following the crop.—*Masterson . v. Bentley*, 60 Ala. 520; *Scaife v. Stovall*, 67 Ala. 237. See also *Dryer v. Abercrombie*, 57 Ala. 500. (2). The law is to be construed liberally to advance its manifest intent.—*Flexner v. Dickerson*, 65 Ala. 129. It would be an *illiberal* construction to hold, that the intent of the law is not as expressly stated in this sub-division, but that a part of the second sub-division must exist in order to give the landlord his remedy under the first sub-division. (3). *De Bardeleben v. Crosby*, 53 Ala. 363, is based on a different state of facts, and the point here mooted was not raised in that case.

JAMES H. SAVAGE, *contra*.—(1.). The first two sub-divisions of section 3472 of the Code of 1876, are in the Code of 1852, and were brought forward into the Revised Code; and in each the second sub-division concludes in the words, "without the consent of the landlord." Afterwards the statute was amended by adding another ground of attachment, which is embodied in sub-divison 3 of section 3472 of the Code of 1876. This last sub-division is not, therefore, a part of the original statute and does not come within the requirement to negative the consent of the landlord. The other two sub-divisions are to be construed together, and the words, "without the consent of the landlord," applies to both. If the law were otherwise, the landlord might give his consent to the removal of the crop and afterwards take advantage of it, and sue out an attachment, and involve the tenant in costs and damages, when his cause of belief, that the crop was about to be removed, was based on the fact, that he had consented to such removal. He is, therefore, required to negative his consent, when he seeks an attachment under the first sub-division. (2). The case of *De Bardeleben v. Crosby*, 53 Ala. 363, clearly settles this question.

SOMERVILLE, J.—A motion to quash an affidavit for defects apparent on the face of it, or a motion to quash a writ of attachment for similar defects or irregularities, if made within the time prescribed for pleading in abatement, is addressed to the sound discretion of the court, and may be entertained accord-

[Washington v. Washington.]

ingly; or it may be refused and the party making the motion put to his plea, as the court may elect.

The motion to quash in this case was properly allowed under the authority of *De Bardeleben v. Crosby*, 53 Ala. 363. It seems to have been made at the first term at which it could have been made, as required by the 13th Rule of Practice (Code, 1876, p. 160), and the affidavit was defective in failing to aver that the contemplated removal of the crop from the premises .of the landlord was *without his consent*. The statute, in our opinion, requires the consent of the landlord, or of his assignee, to be negatived, whether the averment is that the removal of the crop is about to be made by the tenant, or whether it has already taken place.—Code, 1876, § 3472; *De Bardeleben v. Crosby, supra.*

Judgment affirmed.