# Mohr *v.* Chaffe Bros. & Co.

## *Attachment.*

1. *Motions to dismiss and strike from docket in attachment suit; when not revisable on appeal.*—Motions made in the City Court of Montgomery, in an attachment suit on the docket of that court, to strike the cause from the docket and to dismiss, on the ground that it appears from the bond and writ, that the attachment is returnable to, and the cause triable in the Circuit Court of Montgomery county, are but the equivalent of a motion to quash the attachment because of defects or irregularities in the affidavit, bond and writ; and, being addressed to the sound discretion of the primary court, the action of the court in overruling them can not be reviewed on appeal.

2. *Bond and writ in attachment; amendment of.*—A ruling of the primary court, in such case, allowing the writ to be amended, and a new bond to be executed, so as to make it appear that the attachment was returnable to the city court, is, under the statute, free from error.

3. *Plea in abatement ; must give plaintiff a better writ.*—While, under the statute, a plea, whether in bar or in abatement, is sufficient, if the facts are so stated that a material issue can be taken thereon, the rule still prevails that a plea in abatement must give the plaintiff a better writ, this being, in such plea, essentially matter of substance.

4. *Attachment ; when plea in abatement defective.*—A plea in abatement in an attachment suit, which craves oyer of the affidavit, bond and writ, and sets them out, but fails to specify or point out any defect or irregularity in either, is fatally defective on demurrer.

APPEAL from City Court of Montgomery.

Tried before Hon. T. M. ARRINGTON.

This was an action brought by R. H. Chaffe Bros. & Co. against Alex. Mohr, and was commenced by an original attachment, which was sued out of, and was issued by the clerk of the City Court of Montgomery, on the 11th December, 1883. From the recitals in the bond and the mandate of the writ, it is made to appear that the attachment was returnable to the Circuit Court of Montgomery county. The defendant filed a plea in abatement, craving oyer of the affidavit, bond and writ, which are set out, but failing to point out or specify any defects in either. The plaintiffs demurred to the plea, on the ground that it " in no place or manner points out wherein said writ of attachment, affidavit and bond in said cause are defective." The court sustained the demurrer. The defendant also separately moved to strike the cause from the docket, and to dismiss it, on the grounds, in substance, that it appeared from the bond and writ that the attachment was made returnable to, and the cause was triable in the Circuit Court of Montgomery county ; and that, therefore, it was improperly on the docket of the city court. The court overruled both of these motions ; and to these rulings, as is recited in the judgment-entry, the defendant duly excepted. The plaintiffs then moved for leave " to amend the writ of attachment so as to make said writ, upon its face, returnable to the city court, and to be allowed to make a new bond in said cause." This motion was granted, and the amendment made, and the new bond executed as authorized by the court ; and to this ruling, as recited in the judgment-entry, the defendant excepted. No bill of exceptions appears to have been taken in the cause ; but it is recited in the judgment-entry that " it was ordered by the court that each of said motions, as the same appears on the motion docket, with the orders of the court thereon, be made part of the record in this cause, and embraced in any transcript thereof made by the clerk for appeal to the Supreme Court accordingly." The judgment-entry further recites : " And the plaintiffs, in open court, consent that an appeal may be taken by the defendant to the present term of the Supreme Court of Alabama, for the

purpose of revising the ruling of the court upon each of said motions and the said demurrers."

The rulings above noted are here assigned as error.

W. L. BRAGG and R. M. WILLIAMSON, for appellants.

H. STRINGFELLOW, JR., and DAVID CLOPTON, *contra.*

BRICKELL, C. J.—1. The assignments of error relating to the action of the city court in overruling the motions to dismiss and to strike from the files, do not present matter which on error is revisable. They were but the equivalent of a motion to quash the attachment, because of defects or irregularities in the affidavit, bond and writ; and it has long been settled that such a motion is addressed to the sound discretion of the primary court, and may, without error, be overruled, putting the party to a plea in abatement, which is the more appropriate mode of taking advantage of the defect or irregularity, if it exists.—1 Brick. Dig. 164, §§ 151–54; *Free v. Howard,* 44 Ala. 195; *Hall v. Brazelton,* 46 Ala. 359; *De-Bardeleben, v. Crosby,* 53 Ala. 363; *Watson v. Auerbach,* 57 Ala. 353; *Murphy v. Egger,* 59 Ala. 639. The statute is framed with reference to this practice.—Code of 1876, § 3314.

2. Pleas in abatement were not favored at common law. Matters of form were regarded as matters of substance; and an improper conclusion or prayer, or any defect of form, was as fatal as a defect of substance in a plea in bar. The statute has now placed pleas in bar and pleas in abatement on the same footing in respect to form. Whether a plea is in bar, or in abatement, is ascertained by the subject-matter and prayer, not by its form; and whether in bar, or in abatement, the plea is sufficient, if the facts are so stated that a material issue can be taken thereon.—Code of 1876, §§ 2987, 2990; *Hall v. Brazelton,* 46 Ala. 359. "The criterion or leading distinction between a plea in abatement and a plea in bar is, that the former must not only point out the plaintiff's error, but must show him how it may be corrected, and furnish him with materials for avoiding the same mistake, in another suit in regard to the same cause of action; or, in technical language, *must give the plaintiff a better writ.*"—1 Chit. Pl. (16th Am. Ed.) 362. If it be of misnomer, the true name must be stated, that it may be correctly stated in another suit. If it be of the non-joinder of parties, the parties omitted must be stated. If it be of defects in the process, these defects must be distinctly pointed out, so that on suing out new process they may be avoided. This is essentially matter of substance in a plea in abatement— the material facts on which the plea is founded.—*Jones v.*

*Nelson*, 51 Ala. 471; *Wilson v. Nevers*, 20 Pick. 20. The plea interposed in abatement craves oyer of the affidavit, the bond, and the writ, and sets them out; but it does not specify or point out any defect or irregularity in either, and, of consequence, does not furnish the plaintiff the means of avoiding them in a new suit, or of curing them by amendment, if under the statute of amendments they are curable. It is violative of the policy of the law in reference to dilatory pleas, and in derogation of the whole theory and doctrine of amendments, to entertain a plea so vague and indefinite. The demurrer to it was properly sustained.

3. The allowance of the amendments was authorized by the statute.—*Blair v. Miller*, 42 Ala. 308; Code of 1876, § 3315. The execution of a sufficient bond, conforming to the amendments, is expressly authorized by the statute.

Let the judgment be affirmed.