Ross, Keen & Co., Plaintiffs in Error, vs. Joseph L. Steen, Defendant in Error.

An affidavit to obtain an attachment against a debtor's property that affiant is "informed and believes that the defendant is indebted," is not sufficient. The indebtedness should be directly stated, or the affiant should state such facts as would show the indebtedness.

Writ of Error to the Circuit Court for Escambia county.

Plaintiffs obtained from the Clerk of the Circuit Court a writ of attachment upon the following affidavit and bond:

IN ESCAMBIA COUNTY CIRCUIT COURT, STATE OF FLORIDA.

Wm. P. Ross, Alfred Keen, Josiah Morrow, Chas. K. Lincoln and John Ross, Partners as Ross, Keen & Co., vs. Joseph L. Steen.—Damages $900.

" Before the subscriber personally appeared Wm. A. Blount, attorney for plaintiff, who being duly sworn says that he is informed and believes that the defendant in the above entitled cause is indebted to the plaintiffs therein in the sum of $406.55, which amount is actually due, and that

the defendant does not reside within the limits of the State of Florida."

The bond was signed (Ross, Keen & Co., by W. A. Blount,) and by sureties.

Defendant moved to dissolve the attachment for the want of such affidavit as is required by law, and for want of such bond as is required. The court sustained the motion and gave judgment dismissing the attachment.     Plaintiffs bring error.

*W. A. Blount* and *John C. Avery* for Plaintiffs in Error.

*E. A. Perry* for Defendant in Error.

The Chief-Justice delivered the opinion of the court.

In an affidavit to procure an attachment against the property of a debtor, the elements of positiveness as to knowledge, information or belief, separately or altogether, required by the statute, must be substantially included in its terms.   If one fact is required to be stated directly, and another may be stated on information and belief, there is no mistaking the intent of the statute that the first fact must be averred on something more than information and belief.   Our statute requires that the party applying for an attachment, his agent or attorney shall first make oath in writing that the amount demanded is actually due, and also that he has reason to believe that the debtor will fraudulently part with his property, or is removing, or about to remove, &c.   It would be a perversion of the terms and import of the statute to hold that the amount of the debt and the fact that it is actually due could be stated on information and belief only.

The authorities, almost without exception, agree that under a like statute the *fact* of the indebtedness must be stated upon something more convincing than hearsay.   Mitchell

vs. Pitts, 61 Ala., 219, cited by appellants, and McNamara vs. Ellis, 14 Ind., 516, are the only cases we have been able to find which sustain the affidavit in the present case. Other cases in Alabama do not agree with it. Hall vs. Brazelton, 40 Ala., 406; Sims vs. Jacobson, 51 Ala., 186; Hall vs. Brazelton, 46 Ala., 359; Cobb vs. Force, 6 Ala., 468; Pickle's Adm. vs. Ezzell, 27 Ala., 623.

The Louisiana case cited, Bridges vs. Williams, 1 Martin, N. s., 98, is not at hand. The other case, Howell vs. Kingsbury, 15 Wis., 272, does not sustain the position contended for. In that case the affidavit stated the amount due, " all of which is stated upon information and belief derived from and founded upon the written admission of the defendants, now in deponent's possession." This was held to be sufficiently certain because the evidence producing the belief was such as would have been competent proof of the fact in a court of justice. We think this a proper rule in this State.

The books are full of the carcasses of slain attachment suits in which the statements in the affidavits are upon information and belief, where the statute required facts to be shown by direct statement. See Drake on Att., 5 Ed., §§ 106, 108, and notes.

The affidavit in this case was insufficient, and upon this ground the attachment was properly dismissed.

As to the bond signed in the name of the partnership firm only, we have had occasion to examine the question at the present term, and our conclusion, upon authority, is that a bond so signed bound all the parties who had authorized or subsequently ratified the signing, either by deed or by parol, and that it was good under section 10 of the act of 1834. McClellan's Dig., 113, sec. 15; Jeffreys & Stribling vs. Coleman, *infra*.

The judgment is affirmed.