# Watson *et al. v.* Auerbach.

## *Attachment.*

1. *Practice where attachment issues for cause not enforceable by such process.* When an attachment issues for a cause of action which cannot be enforced by that process, the mode of reaching the defect is by a rule on the plaintiff to show cause why the attachment shall not be dissolved. The error cannot be reached in any other way, nor raised after demurrer or plea to the merits.

2. *Motion to quash; when not reviewable.*—A motion to quash an attachment, overruled in the court below, cannot be reviewed on appeal.

[Watson et al. v. Auerbach.]

3. *Defects in affidavit or bond; when not revisable.*—Defects in the affidavit or bond, unless presented on plea in abatement, or on motion to quash sustained, are not revisable on error.

4. *Phraseology of affidavit; when change required in; statute liberally construed.*—In enforcing the right given by section 1860, Revised Code, a change in the phraseology of the affidavit prescribed in sections 2961, 2962, Revised Code, is required—such as the words "*advancer*," &c., instead of the words "*landlord*," "*rent*," &c.; and in this respect, the statute being remedial must receive a liberal construction.

5. *Affidavit stating grounds disjunctively; pleadable in abatement; rule.* An affidavit for an attachment which contains two or more grounds stated disjunctively may be pleaded in abatement of the suit. The rule in regard to disjunctive averments in pleading is that each alternative phrase of the statement must be sufficient in itself, or neither is.

6. *Valid crop lien; what necessary to constitute; what will not defeat.*—To constitute a valid crop lien in favor of an advancer, under section 1858, Revised Code, the articles must be of the classes enumerated under that section. But where money is advanced in good faith, for the purpose named in the statute, a misapplication by the borrower, in which the lender does not concur, will not defeat the lien.

7. *Statutory lien; cannot be enlarged.*—The right and lien are given by statute, and it is not in the power of contracting parties to enlarge its provisions; other liens may be bargained for, but the statutory lien cannot be extended beyond its terms.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. H. D. CLAYTON.

This was a suit on attachment, brought by appellee, T. H. Auerbach, against appellants, S. P. Watson, P. H. Watson and T. J. Hight.

At the spring term, 1876, of said Circuit Court, the defendants appeared and moved the court to strike the cause from the docket upon the grounds stated in the motion, to-wit: *first,* because the same is unauthorized by law; *second,* because the papers show that an attachment will not lie in the case. The court overruled the motion, and defendants excepted.

At the fall term, 1876, of said court the defendants moved to dismiss this proceeding upon the ground that the property upon which this attachment was levied was turned over to plaintiff by the sheriff, and that said plaintiff has consumed and disposed of the same, it being admitted by plaintiff, on the hearing of the motion, that he had consumed and disposed of said property after the levy—but the court overruled the motion, and defendants excepted. The defendants also moved to strike the complaint from the file, upon the ground that the same varies from the writ of attachment; which motion was overruled, and defendants excepted. Defendants then prayed judgment upon the following plea in abatement, filed by them April 11th, 1876: "The defendants pray judgment of the writ of attachment,

VOL. LVII.

[Watson et al. v. Auerbach.]

because they say it is unauthorized by law, for the following reasons : the ground of the attachment in the affidavit is ·sworn to, in the alternative, as follows : ' The said P. H. Watson, S. P. Watson and T. J. Hight have removed, or are about to remove, a portion of their crop from the premises, &c.' " To this plea defendants demurred, assigning as grounds : "*First*, because said plea is deficient in substance; *second*, because said plea is not sufficient in form ; *third*, because said plea fails to state that there are two distinct grounds stated in the alternative in the affidavit upon which the attachment issued ; *fourth*, because there is no valid grounds shown in said plea." The court sustained this demurrer, and quashed said plea, and defendants excepted. Issue being joined, the case was then put to the jury.

The plaintiff then introduced the following instrument of defendants, in evidence, to which defendants objected, and being overruled, excepted : " By the first day of October next we promise to pay T. H. Auerbach, or bearer, two hundred dollars for value received, it being for necessary advances in horses, mules, oxen, and necessary provisions, farming tools and implements, and money to procure the same, obtained by us from him, *bona fide*, for the purpose of making a crop the present year on S. P. Watson's plantation, and all other plantations cultivated by us, or under our direction in Pike county, Alabama ; and without such advancements it would not be in our power to procure the necessary teams, provisions, farming implements, &c., to make a crop the present year, hereby creating a lien thereon, in accordance with sections 1858 to 1860 inclusive, of the Revised Code of Alabama. And it is further agreed, that if said T. H. Auerbach shall advance us anything over and above this note, that this lien shall stand as security for the same as fully as if included in this instrument."

The plaintiff, a merchant living in Troy, was then introduced, as a witness in his own behalf, and testified that he sold to defendants jointly, under said instrument, certain goods to a certain amount, &c.—to which defendants objected. The plaintiff then introduced bills of sale rendered at plaintiff's request, showing the nature and prices of articles, and the date of sales, &c. He further stated that the prices charged were reasonable credit prices, and that the articles in the bill were such as were necessary to make a crop, and were purchased by defendants for that purpose. The defendants objected to the evidence, &c. He further stated that he had paid to one C. J. Knox fifty dollars, to satisfy a

[Watson et al. v. Auerbach.]

mortgage held by him on a horse belonging to said P. H. Watson, and included in the mortgage and levy, and also one hundred dollars to satisfy a mortgage held by one Black, on the lands of said S. J. Watson, which were also included in plaintiff's mortgage.

The defendant, P. H. Watson, then testified in behalf of defendants that none of the articles charged in said account were necessary provisions to make a crop, and none of such articles could properly be called necessary provisions except such things as would do to eat. On cross-examination, he stated that hats, shoes and clothing were as necessary to make a crop as something to eat. (Such articles were in the bill produced by plaintiff.) He further stated that he had paid on said lien note, above set out, the sum of ninety dollars—the proceeds of two bales of cotton, which was a part of the crop, covered, or intended to be covered, by said note.

It was not contended by plaintiff that he had advanced to defendants any horses, mules, oxen, farming tools and implements, or money to purchase the same.

The court gave several charges to the jury, at plaintiff's request, in substance as follows: "That if they believed the evidence, they must find for the plaintiff, and that they must find what portion of the articles sued for was for articles necessary to make a crop; and that in so determining, the defendants would be chargeable with such things as were indispensable to the use of the family, and which they could not reasonably do without in cultivating and gathering the crop; and that under this head they could include such amounts as were paid out by plaintiff in removing incumbrances from property of either one of defendants, and which were charged up under the instrument, &c., if necessary to make the crop; and that if plaintiff paid the sum of fifty dollars (as testified to), and the sum of one hundred dollars (as testified to), then the plaintiff had the right to appropriate the first payments made by defendants to the satisfaction of said amounts, pro tanto." To these charges the defendants excepted.

Defendants then asked several charges, which were refused, to which refusals they took their exceptions; and they now assign the several rulings of the court, as hereinbefore stated, as error.

JOHN D. GARDNER, for appellant. (No brief came to the Reporter.)

[Watson et al. v. Auerbach.]

W. D. Wood, *contra.*—1. The whole current of modern decisions are to the effect that two grounds in an affidavit for an attachment are not vitiate, although stated in the alternative.—*Wood v. Wells,* 2 Bush. 197; *Hardy v. Trabue,* 4 Bush. 644; *Van Alstyne v. Erwine,* 1 Kernan, 331; *Klenk v. Schwalm,* 19 Wisconsin, 111; Drake on Attachments, section 102, page 102. Under our own decision, it is only an irregularity, that would not be available on a motion to quash. *Cannon v. Logan,* 5 Porter, 77. The decision in 3 Stewart and Porter, 331, relied on by appellant, was rendered at a time when the law permitted the defendant to traverse the ground for the attachment; and when suit was brought on the bond, the defendant in that suit could only prove in answer to the action the truth of the averment in the affidavit, but the law has long since been changed, and hence that decision is not authority now.

2. There is a vast difference between an attachment on an ordinary debt and the case at bar. Under an ordinary debt no lien attaches until the attachment is levied; but here a lien existed by contract upon all the property levied upon, and the attachment is the remedy furnished by law for its enforcement.—*McKinney v. Benagh, Adm'r,* 48 Ala. 358; *Hawkins v. Gill,* 6 Ala. 620; *Watts v. Womach,* 44 Ala. The grounds for the landlord are in the disjunctive. The demurrer to the plea was rightfully sustained. The plea was no answer to the plaintiff's action. The plea failed to state that two *distinct* grounds were stated in the disjunctive.—Drake on Attachment, 101.

STONE, J.—In the case of *Brown v. Coats,* at the present term, we declared that when an attachment issues for a cause of action which can not be enforced by that process, the mode of reaching the defect is by a rule on the plaintiff to show cause why the attachment shall not be dissolved. Such error cannot be brought to the notice of the court in any other way; nor raised, after demurrer, or plea to the merits has been interposed.—See 1 Brick. Dig. 164, §§ 143, 145, 146, 147.

A motion to quash an attachment, overruled in the court below, will not be reviewed here.—See 1 Brick. Dig. 164, §§ 152, 153.

Defects in the affidavit or bond unless presented on plea in abatement, or, on motion to quash sustained, are not revisable on error.—1 Brick. Dig. 158, §§ 50, 54, 55; *Reynolds v. Bell,* 3 Ala. 57.

[Watson et al. v. Auerbach.]

Section 2961, of the Revised Code, as amended, gives to the landlord the right to sue out attachment for rent, and for advances made, &c., *first,* "when the tenant is about to remove the crop from the premises without paying the rent and said advances; *second,* when he has removed it, or any portion thereof, without the consent of the landlord." Pamph. Acts 1870–1, p. 19.

Section 1860, Revised Code, provides that " any person having a lien on the crop and stock of another for advances to assist in making the crop, shall have the same rights and remedies to enforce such liens as landlords have in this State for the collection of rents."

In enforcing the right given in section 1860, *supra,* it is manifest that there must be some change in the phraseology of the affidavit, which is required in sections 2961–2. Instead of the words landlord, and rent, where they occur in said sections, the words *advancer,* or *person making the advance,* and *advances,* must be substituted. Some other verbal changes will also be necessary, which will naturally suggest themselves. The statute is remedial, and some latitude of construction is necessary to give it effect.

We must not be understood, however, as holding or intimating that we will give effect to the lien provided for in sections 1858–9, of Revised Code, beyond the terms of the enactment. Advancers, to bring themselves within the statute, must show a case which conforms in every respect to those sections.—See *Davidson v. Higgins,* 50 Ala. 49; *McLester v. Somerville,* at last term.

The affidavit for attachment in the present case states that the defendant " has removed, or is about to remove, a portion of the crop from the premises without the consent of the said Auerbach." It will be seen that in this affidavit the ground for attachment is stated disjunctively. Stated at large, and supplying the words implied, the affidavit will read as follows : " that the defendants have removed a portion of the crop from the premises without the consent of the said Auerbach ; or, that the said defendants are about to remove a portion of the crop from the premises without the consent of the said Auerbach." It does not affirm the existence of either one of those state of facts ; but it avers that one or the other exists. The second of the states of facts last above stated, is not a compliance with either of the statutory grounds for attachment. Its language is, about to remove, without paying the advances. The rule in regard to disjunctive averments in pleading is, that each alternative :

[Abernathy v. Smith et als.]

phase of the statement must be sufficient in itself, or neither is.—See 1 Brick. Dig. 701, § 899.

The defendants pleaded, in abatement of the suit, that the affidavit set forth two grounds for the attachment "in the alternative;" copying in the plea its language. We find no defect in the plea, and it was interposed in time. The court sustained a demurrer to this plea.

In *Johnson v. Hale*, 3 Stew. & Por. 331, it was decided by this court that an affidavit for attachment must not contain two or more grounds, stated disjunctively; and that an affidavit, so framed, when properly presented, would be adjudged insufficient to support an attachment.

In *Cannon v. Logan*, 5 Por. 77, this principle was reasserted. There has been no departure, since that time, from the principle then declared.

Under this rule, from which we do not feel at liberty to depart, we hold that the Circuit Court erred in sustaining the plaintiff's demurrer to the plea in abatement.

We deem it unnecessary to notice the other questions raised, further than to say that to constitute a valid crop lien in favor of an advancer, under section 1858 of Revised Code, the articles advanced must be of the classes enumerated, namely, "horses, mules, oxen, or necessary provisions, farming tools and implements, or money to purchase the same." But when money is advanced in good faith, for the alleged purposes above named, a misapplication by the borrower, in which the lender does not concur, will not defeat the lien. The right and lien are given by statute, and it is not in the power of contracting parties to enlarge its provisions. Other liens may be bargained for; but the statutory lien can not be extended beyond its terms.

Reversed and remanded.