[Shield v. Dothard et als.]

# Shield *v.* Dothard *et als.*

## *Attachment.*

1. *Substantial defects in an affidavit cannot be amended.*—Defects of substance in an affidavit for attachment are not curable by amendment, and when properly presented by plea in abatement are fatal.

2. *An affidavit in an attachment suit is defective if it does not state the removal was without the landlord's consent.*—An affidavit in an attachment suit for rent is fatally defective if it does not allege that the removal of the crops from the rented premises was without the landlord's consent.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. W. L. WHITLOCK.

James Dothard and William Dothard began a suit against James M. Shield, in the Circuit Court of Calhoun county, on the 26th day of October, 1876. The writ of attachment was based on the following affidavit:

"The State of Alabama, Calhoun county. Before me, G. B. Dauthill, Clerk of the Circuit Court in and for the county aforesaid, personally appeared William Dothard, who, being duly sworn, deposeth: that James M. Shield is justly indebted to the said affiant and James Dothard in the sum of one hundred dollars, allowing all just credits and discounts, and that the said indebtedness is due for rents, and that the said James M. Shield has removed a portion of the crop off the premises without paying the rents ; and that this attachment is not sued out for the purpose of vexing or harrassing the said defendant or other improper motives.

"WILLIAM DOTHARD.

"Sworn to before me this 24th day of November, 1876.

"G. B. DAUTHILL, Clerk [L. S.]"

The defendant craved *oyer* of the writ of attachment, the bond, and affidavit, and filed pleas in abatement. The plaintiff demurred to the pleas, and the demurrer was overruled. The plaintiff then joined issue upon the pleas, and, "after argument and inspection of the papers in the cause, the court overruled the said pleas and refused to quash said attachment bond and affidavit." To this action of the court the defendant excepted.

M. F. TURNLEY for appellant.—1. The pleas in abate-

ment should have been sustained, and the court should have rendered judgment in favor of the defendant.—Rev. Code, §§ 2961-2-3 and 2989; 17 Ala. 314; 6 Ala. 620; 4 Ala. 599; 2 Stew. 16; 9 Port. 218.

2. The defect in the affidavit is matter of substance, and not of form merely, and *cannot be amended.* When an attachment is sued out for rent, and the ground of it is that the tenant has removed a portion of the crop from the premises, the affidavit must state that such removal was *without the consent of the landlord.*

3. The attachment in this case is an attachment in the exact form and words of an attachment for debt under the general attachment law.—Rev. Code 2959, and against the general estate of the defendant, and not against the crop grown upon the rented premises, as the statute requires.— Rev. Code, §§ 2961-2-3.

ELLIS for appellees.—1. In this case the affidavit is in these words : "The defendant has removed the crop, or a portion thereof, without paying the rent." This is sufficient.—1 Ala. 199; 41 Ala. 271.

2. The attachment laws (Rev. Code, § 2990) must be liberally construed to "advance the manifest intention of the law." And this cannot be done by driving the plaintiff out of court, without a hearing, on the merits of his case.—44 Ala. 605; 3 Ala. 57; 8 Ala. 171.

BRICKELL, C. J.—A landlord has a remedy by attachment, against the crop grown on rented premises, for the rent of the current year, when, without payment of the rent, and without his consent, the tenant is about removing, or has removed, the crop, or any portion of it, from the premises. Of one of these facts, affidavits must be made by the landlord, his agent, or attorney, and of the amount claimed for rent. It is as essential that the affidavit should negative the consent of the landlord as that it should affirm the tenant was removing, or about to remove, the crop, and an affidavit not negativing his consent is wanting in substance. Defects of substance in an affidavit for an attachment are not, under the statute, curable by amendment, and when properly presented by plea in abatement, are fatal.—*Hall & Curry v. Brazleton,* 40 Ala. 406. In this case the court overruled a demurrer to pleas in abatement to the writ, because the affidavit was wanting in the averment that the landlord had not consented to the removal of the crops. But issue being

[McNutt et al. v. King et al.]

joined on the pleas, and tried by the record, they were over-ruled. In overruling them, the court was in error, and the judgment must be reversed and the cause remanded.