[Flexner & Lichten v. Dickerson.]

# Flexner & Lichten *v.* Dickerson.

*Attachment against Tenant's Crop, for Advances.*

1. *Advances to make crop; statutory lien.*—A person who makes advances to another, whether in horses, mules, provisions, &c., or in money to purchase the same, to enable him to make a crop, the statutory regulations being complied with (Code, §§ 3286-88), has a lien on the stock so provided or bought, and on the crop raised ; which lien has a preference over all other liens on the crop, except the landlord's lien for rent and advances.

2. *Same; attachment to enforce lien.*—The remedy by attachment, to enforce the statutory lien for such advances, is subject to the same limitations and restrictions that are imposed on the landlord, and can only be issued upon an affidavit which, when fairly construed, discloses the existence of a particular contract within the terms of the statute, and a state of facts which authorizes the issue of the writ upon that contract.

3. *Affidavit for attachment.*—An affidavit which states that the defendant is indebted to the plaintiffs in a specified sum, "for advances made to him to make a crop in said county for the year 1878, and that he has removed a part of the crop made by him, on which the lien was given, without the consent of said plaintiffs," does not show a substantial compliance with the requisitions of the statute, and is fatally defective.

4. *Amendment of affidavit.*—Defects of form in the affidavit, as under the general attachment law (Code, § 3315), are amendable, but defects of substance are incurable.

5. *Same; what are matters of substance.*—The matters of substance, which must be stated or shown in such affidavit, are, that advances were made in horses, mules, oxen, necessary provisions, or farming tools and implements, or in money to purchase the same, the amount being stated, to enable the defendant to make a crop ; that a written note or obligation was taken, declaring that such advances were made *bona fide* for the purpose of enabling the defendant to make a crop, and that without them it would not be in his power to procure the necessary teams, provisions, &c., to make a crop ; also, the registration of the writing, as required by the statute, and the existence of one of the causes for which an attachment may be sued out.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. JOHN K. HENRY.

GAMBLE & BOLLING, for the appellants.

P. O. HARPER, *contra.*

BRICKELL, C. J.—When advances in horses, mules, necessary provisions, &c., or money to purchase the same, are made to enable any person in this State to make a crop, and it is declared in a written note or obligation, given by such person for such advances, that the same were obtained by him in good faith for the purpose of making a crop, &c., a lien attaches to such crop, and to the stock bought with the

money advanced, having on the crop preference over all other liens than that of a landlord for rent and advances. The lien can be enforced by the same remedies the lien of the landlord for rent may be enforced.—Code of 1876, §§ 3286, 3288.

A landlord is entitled to process of attachment, to enforce his lien for rent, when the claim is due, and, on demand, the tenant refuses payment; and also, whether the claim is due or not, when there is good cause to believe that the tenant is about to remove from the premises, or otherwise dispose of the crop, without paying the amount which will be due for rent and advances; when he has removed from the premises, or otherwise disposed of any part of the crop, without paying the rent, and without the consent of the landlord; or, when he has disposed, or there is good cause to believe he is about disposing of any articles advanced to him, in fraud of the rights of the party applying for the attachment. The attachment can issue only when affidavit of one of these facts is made, stating also the amount that is or will be due, &c.—Code of 1876, §§ 3472–73. It is to this remedy of the landlord the statute entitles the person who makes advances to another to enable the latter to make a crop. The remedy must be pursued under the same limitations. Process of attachment, to be levied on the crop, or on stock bought with money advanced, may issue at his instance, and in his favor; but it can be issued only upon affidavit which, fairly construed, discloses the existence of the particular contract the statute authorizes and prefers, and the state of facts which authorizes the issue of the writ upon that contract. *Hawkins v. Gill*, 6 Ala. 620; *Tucker v. Adams*, 52 Ala. 254; *Staggers v. Washington*, 56 Ala. 225; *Brown v. Coats, Ib.* 439; *Shields v. Dothard*, 59 Ala. 595. An attachment, issuing without an affidavit which shows the existence of the facts declared by law to be a ground for the issue of the writ, is subject to be abated on plea. The affidavit is the initiatory step—the very foundation of the whole proceeding. It alone can call into exercise the extraordinary power of the court, to command the seizure of the estate of the defendant, before he is heard, and before judgment pronounced against him.—Drake on Att. §§ 83-4; Code of 1876, § 3314.

The writ in this case was issued upon the affidavit of one of the plaintiffs, stating that the defendant was indebted to them in the sum of seventy dollars "for advances made to him, the said Preston C. Dickerson, to make a crop, in Butler county, Alabama, for the year 1878; and that the said Preston Dickerson has removed a part of the crop made by him on which the lien was given, without paying said advances, and without the consent of said Flexner & Lichten," &c.

[Flexner & Lichten v. Dickerson.]

The defendant pleaded in abatement, averring the insufficiency of the affidavit, because it did not aver, *first*, in what the advances consisted—whether horses, mules, oxen, or necessary provisions, or money to purchase the same; *second*, because it did not aver the advances were obtained by the defendant *bona fide* to enable him to make a crop, and that it was declared in a written note or obligation for the same, and that without such advances he could not procure the necessary teams, provisions, and farming implements, to make a crop; *third*, because it was not averred that the alleged lien was recorded; *fourth*, because it was not averred that the plaintiffs were landlords, and the defendant their tenant. A demurrer to the plea was overruled; an application of the plaintiffs to file an amended affidavit was also overruled; and after other very irregular proceedings, which it is unnecessary to notice, the court finally rendered judgment quashing the writ. The only questions involved are, the sufficiency of the affidavit, and if insufficient, whether the plaintiff had a right to amend it.

The insufficiency of the affidavit is apparent, when it is compared with the statute. In no respect does it show that a lien under the statute had been acquired; and every fact stated in it may be true, and a lien on the crop of the defendant, the existence of which is loosely averred, may have been acquired by mortgage, or other contract, upon other considerations than such as are expressed in the statute. It is not *mere advances to make a crop*, to which the statute attaches a lien, though by contract a lien should be declared. Advances to laborers, or supplying them with raiment or medical assistance, or for repairs to the plantation, may be necessary to the cultivation of the crop. However the fact may be declared, that for such purpose advances have been obtained, the statutory lien will not attach; and the statutory remedy by attachment for the enforcement of any other lien can not be pursued. The mandate of the statute, that the attachment law must be liberally construed, to advance the manifest intent of the law (Code of 1876, § 3315), is as applicable to an attachment issued under the statute we are considering, as under the general statute. The purpose was to free the statutes, and proceedings under them, from the strict construction to which statutes and statutory proceedings in derogation of the common law, and of common-law remedies, are usually subjected. While an affidavit for the writ can not be narrowly criticised, subjected to a close construction, liberality of construction can not open the way for a resort to the extraordinary remedy in cases to which the statute does not extend. The writ ought

not to be issued, and can not be sustained in opposition to a plea in abatement, regularly filed, unless the affidavit, fairly construed, discloses the state of facts declared by law a ground for its issue. The words of the statute need not be employed; words of the same significance will be sufficient. The precise cases in which the writ is authorized are clearly defined by the statutes. If the case really exists, it must be known to the party making the affidavit; and it is only his own negligence which can involve him in making an insufficient affidavit.

In the absence of a statute authorizing it, a court has not power to allow the amendment of an affidavit for an attachment. The statute confers a limited power of amendment. "The plaintiff, before, or during the trial, must be permitted to amend any defect of form in the affidavit," &c.—Code of 1876, § 3315. It is *a defect of form only* which is amendable. *Defects of substance* are not within the words or purposes of the statute.—*Hall v. Brazelton*, 40 Ala. 406; *Sims v. Jacobson*, 51 Ala. 186. The matters of substance in an affidavit for an attachment, under the general law, are the existence of a debt, its amount, and that it is justly due and owing, and a statutory cause for the issue of the writ, with a negation of a purpose to vex or harass the defendant. All else is matter of form.—*Sims v. Jacobson, supra.* The matter of substance, in an affidavit under the statute authorizing the issue of the writ for advances to make crops, is, that such advances have been made in money to purchase, or in horses, mules, oxen, or necessary provisions, farming tools and implements, and the amount thereof, to enable the defendant to make a crop; that a written note or obligation was taken, declaring the advances were made *bona fide* for the purpose of making a crop, and that without them it would not have been in the power of the defendant to procure the necessary team, provisions and farming implements to make a crop; and the registration of the instrument containing the declaration as required by the statute. The last fact is material, because the statute declares the failure to record is a forfeiture of the lien. In addition, the affidavit must show some one of the facts which authorizes a landlord to sue out an attachment against his tenant. An affidavit, wanting in the averment of any one of these facts, is defective *in substance*, not *in form*, and the court has no power to authorize the curing of its defects by an amendment. It was such defects the plaintiff proposed to cure by the amended affidavit, and the court was without the power to allow it.

The judgment is affirmed.