# Johnston & Seats v. Hannah.

*Attachment against Crop, by Agricultural Laborer.*

1. *Sufficiency of affidavit, and how objected to.*—When an attachment is sued out by an agricultural laborer, for hire and wages due for labor and services rendered in and about the cultivation of crops (Code, § 3482), the failure to state in the affidavit that the labor was performed under a contract, if it be a material defect, is only matter for a plea in abatement, and is not available on error.

2. *Levy of attachment on property not subject.*—If such attachment is levied on property which is not a part of the crop subject to it, a motion to dissolve it on that account is the proper remedy, and the question cannot be raised for the first time on error.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. LOUIS WYETH.

This action was commenced by an attachment, sued out before a justice of the peace, on the 2d January, 1877, by A. J. Hannah, against Johnston & Seats as partners, or against certain crops of corn, fodder, millet, &c., raised on a plantation belonging to them, for wages claimed to be due to the plaintiff as the superintendent of said plantation during the year 1876. The attachment was made returnable into the Circuit Court, and was duly returned, with the other papers

[Johnston & Seats v. Hannah.]

in the cause, to that court; and the sheriff's return stated that the attachment was "levied on the within described property." A complaint was afterwards filed in the Circuit Court, in which the plaintiff claimed $200 as due to him from the defendants, on the 1st December, 1876, "under a verbal contract between the plaintiff and said defendants, for labor and services rendered by him under said contract, for one year, beginning on the 1st day of December, 1875, and ending on the 1st day of December, 1876, as the superintendent of a plantation in said county," particularly described; and the further sum of $200, under the common count, for work and labor done. Judgment by default was rendered at the December term, 1877, with a writ of inquiry, under which the plaintiff's damages were assessed at $216.78. It is now assigned as error, that the affidavit for the attachment is fatally defective, and the proceedings founded on it are void.

BRANDON & JONES, for appellants.

CABANISS & WARD, contra.

STONE, J.—The present suit was commenced by attachment under sections 3, 5 and 6, of the act "To declare a lien in favor of laborers, mechanics and employes, and to provide for the enforcement thereof," approved March 19th, 1875 : Pamph. Acts, 103 ; Code of 1876, § 3482. The defendant replevied the property attached, but made no defense to the action. The case was tried at the second term, on judgment by default, and writ of inquiry executed. There is an omission in the affidavit for attachment, in this : The statute provides this remedy for "agricultural laborers and superintendents of plantations, * * for the hire and wages due them for labor and services rendered by them in and about the cultivation of the crops, under any *contract* for such labor and services during the current year." The affidavit does not state that the labor was performed under a contract. We need not inquire whether this defect is material, if properly objected to. It could only be raised by plea in abatement, and is not available when presented for the first time on error.—*Jones v. Pope*, 6 Ala. 154 ; *Kirkman v. Patton*, 19 Ala. 32 ; *Mahoney v. O'Leary*, 34 Ala. 97 ; *Dow v. Whitman*, 36 Ala. 604.

If the property attached was not part of the crop grown upon the land during the current year, it is not shown in this record. That question can not be raised on error. If the attachment was levied on property not liable to it, the proper

[Gilbreath v. Jones.]

remedy was a motion in the court below to dissolve the attachment.—*Brown v. Coats*, 56 Ala. 439.

The judgment is affirmed.