# Harmon Bros. *v.* Jenks.

*Attachment by Landlord of Storehouse for Rent.*

1. *Attachment; motion to dissolve.*—A motion to dissolve an attachment for rent is for the court to decide, and not for the jury.

2. *Same.*—Where, on a motion by defendant to dissolve an attachment, the jury instructed by the court finds thereon against defendant, and also on certain immaterial issues raised by the parties on formal but superfluous pleadings and redundant evidence, which evidence should have been submitted only to the court and on which the court

[Harmon Bros. v. Jenks.]

should have overruled the motion to dissolve, defendant can not complain of such irregularities.

APPEAL from Bullock Circuit Court.

Tried before the Hon. J. M. CARMICHAEL.

Appellee sued appellants in attachment for rent of a storehouse. The judgment entry recites, "Came the defendants by their attorneys and moves the court for a rule against the plaintiffs to show cause why the lien created by the levy of the attachment upon the personal property described in said levy should not be dissolved, said levy be dismissed and said attachment quashed, which rule being granted, the plaintiff being in court waived notice thereof and filed his answer to said rule, to which defendants filed their replication, and to this replication plaintiff rejoined, and to said rejoinder defendants demurred; and now upon consideration it is ordered and adjudged that said demurrer be, and the same is, hereby overruled. Whereupon defendants took issue with plaintiff upon the averments contained in said rejoinder and issue being joined upon said rejoinder, then came a jury of lawful men who do say upon their oaths, we, the jury, find for the plaintiff upon said issue." Here follows an order of court that the lien be not dissolved, the levy be not dismissed and the attachment be not quashed. The judgment entry then recites, "and defendants now come by their attorneys and plead the general issue . . and issue being joined on said plea," &c., and then follows verdict and judgment rendered for plaintiff.

In the replication to plaintiff's answer to the rule to show cause why the attachment should not be dissolved, defendants set up that before the rent note became due, plaintiff by deed conveyed the store-house in fee-simple to defendants and thereby ceased to be their landlord. Plaintiff rejoined "That at the time of the deed of conveyance . . in addition to the consideration named and expressed in said deed of conveyance and as a part of. the consideration thereof, it was expressly agreed and understood by and between plaintiff and defendants that plaintiff should have certain machinery not named and expressed in said deed but then in possession of plaintiff, and that plaintiff should hold and retain said rent note, and as a security for the payment thereof, the landlord's lien created by said rent contract, and should be and remain the landlord of defendants', and that defendants should be and remain the tenants of plaintiff, and should hold such premises as such tenants for and during the then

[Harmon Bros. v. Jenks.]

unexpired term of said lease."    Defendants demurred on the grounds, 1st, that this agreement was not shown to be in writing; 2d, that it sought to add to, vary, or explain the terms of the conveyance; 3d, that the agreement was not in writing and would vary the legal effect of the conveyance. This demurrer, as appears from the judgment entry, was overruled.

The bill of exceptions recites, "issue being joined upon the trial of the questions raised by the rule to show cause why the attachment should not be dissolved," &c.    The plaintiff was the only witness and his testimony sustained the averments of the rejoinder.    The assignment of error in regard to this testimony by appellant is the refusal of the court to exclude from the jury plaintiff's testimony that "defendants agreed that he should be landlord until the maturity of said [rent] note."    The other errors assigned are the overruling of the demurrer, the general charge for plaintiff, and the refusal to give the general charge for defendant.

E. H CABANISS, for appellant.—The sole question raised is, whether or not the legal effect of a warranty deed is, or can be varied by parol evidence that its execution and delivery were accompanied by an agreement on the part of the grantees that they would continue to hold the premises conveyed as tenants of the grantor, and that he should remain their landlord for a certain specific period thereafter. Such evidence would vary the legal effect of the deed and is inadmissible.—24 Ala. 433; 27 Ala. 203; 69 Ala. 172; 78 Ala. 158; 80 Ala. 418; 54 Ala. 309; 70 Ala. 46; Taylor's Land. & Ten. 434; 6 Johns. Ch. 422.

NORMAN & SON, contra.

CLOPTON, J.—This suit originated in an attachment issued to enforce a landlord's lien for rent. The defendants moved for a rule on the plaintiff to show cause why the attachment should not be dissolved, on the ground that it was sued out on a cause of action for which an attachment was not authorized by law, and that plaintiff did not have a lien as landlord on the goods levied on. The rule is well settled, that when an attachment is issued on a cause of action for which such process is not authorized by law—as when sued out by a landlord to enforce a lien for rent, on a demand or debt other than for rent—the remedy is by a rule on plaintiff to

show cause why it should not be dissolved. The motion made was proper, if the ground existed on which it was based—whether apparent from the face of the proceedings, or established by extrinsic evidence. The proceedings on the motion were irregular, and immaterial issues were presented by the replication to the plaintiff's answer to the rule and by the rejoinder. The issues of fact thus joined were submitted to a jury who returned a verdict, under the instruction of the court, in favor of the plaintiff.

A motion to dissolve an attachment is for the decision of the court, and not of the jury. If the defect does not appear from the proceedings, evidence may be received in support or discharge of the rule, but the sufficiency of the evidence should be passed on by the court. Whether or not the defect appears from the proceedings, the court must determine the motion. The sole issue triable on the motion made by the defendants was, whether the attachment was sued out on a cause of action for which such process could lawfully issue. While the court may hear evidence relevant to this issue, it was irregular to submit to a jury the trial of the issue.

Extraneous evidence is only admissible for the purpose of showing the real nature and character of the demand— whether a claim for rent. If the claim arises from a rental contract, in the making of which the relation of landlord and tenant originated, the termination or dissolution of such relation by subsequent events and transactions is a question which does not arise, and the fact of indebtedness can not be tried, on a motion to dissolve the attachment. It is immaterial whether the relation exists when the attachment is sued out, if such relation had previously existed.—*Bell v. Allen,* 76 Ala. 450. The termination or dissolution of the relation during the term of the lease is pleadable in bar on the trial of the attachment suit, and of consequence, that there is no debt which can be recovered in that suit.—*Tucker v. Adams,* 52 Ala. 254; *Adair v. Stone,* 81 Ala. 113. The issue joined on the replication and rejoinder, that the relation had terminated, and that the rent passed to the defendants by the conveyance of the property by plaintiff to them during the term of the lease, and before the rent accrued, was an immaterial issue on the motion to dissolve the attachment, and should have been regarded by the court as frivolous. The result was to try the cause on a collateral issue.—*Reiss v. Brady,* 2 Cal. 132.

It is undisputed that the note on which the attachment

[Union Warehouse & Elevator Co. v. McIntyre.]

issued was given for the rent of the store-house; that the relation of landlord and tenant was thereby created; and that the plaintiff had a lien on the goods for the rent.——Code of 1886, §§ 3069, 3070. If it were conceded that the relation was dissolved by the subsequent conveyance of the property to defendants, and that the claim for rent was thereby extinguished, these were questions which could only be properly raised and tried on pleas to the complaint. The issues on which the motion was tried being immaterial, and found against the defendants, no errors in the rulings of the court relating to them, will avail the defendants, or can be assigned. If the evidence, which was admitted to the jury, had been addressed to the court only, and its effect determined, as it was by the jury under the instruction of the court, the motion to dissolve the attachment should have been overruled on the undisputed facts, and the defendants put to their pleas in bar of the action. The judgment of the court refusing to dissolve the attachment is correct, though irregular and unauthorized proceedings may have been adopted and pursued by the consent of the parties, and immaterial issues tried on formal but superfluous pleadings, and redundant evidence. There is no error of which the defendants can complain.

Affirmed.