# Ballard *v.* Stephens.

### *Attachment Suit by Landlord.*

1. *Rulings on demurrer* are not revisable on error, when the demurrer is not set out, nor its substance shown by the record.

2. *Affidavit for attachment by landlord.*—An affidavit which states "that S. is and will be justly indebted to said B. in the sum of $99.72, after allowing all just offsets and discounts ; and that said S., tenant, is about to remove from the premises, or otherwise dispose of the crops, without my consent, and without paying the amount which is or will be due for rent and advances under section 3471 of Code, ground 1st ; and said B. has good cause to believe the same ; and that the said B. is landlord, and the said S. is tenant ; and that there is or will be due to the landlord from the tenant a debt, to-wit, for rents, $44.45, and for advances $55.67, total $99.72, for the current year, 1887," is sufficient to authorize an attachment for the rent claimed (Code, § 3061), but not for the advances.

3. *Same; plea in abatement.*—When an attachment is sued out by a landlord, claiming rent and advances, but the affidavit is substantially defective in the statement of the claim for advances, it is not subject to a plea in abatement, but the claim for advances will be treated as surplusage merely.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. JAMES R. DOWDELL.

This was an attachment suit, brought by the appellant, Joshua Ballard, against the appellee, one Dr. M. H. Stephens ; and sought to recover for rent and advances due the plaintiff

[Ballard v. Stephens.]

from the defendant.　In the affidavit made out by the plaintiff to obtain the issuance of the writ of attachment, the affiant stated that "Dr. M. H. Stephens is and will be justly indebted to the said Joshua Ballard in the sum of ninety-nine dollars and seventy-two cents, after allowing all just offsets and discounts, and that the said Dr. M. H. Stephens, tenant, is about to remove from the premises, or otherwise dispose of the crop, without my consent and without paying the amounts which are, and will be due for rent and advances under section 3471; and that said Ballard has good cause to believe the same, and that the said J. Ballard, plaintiff, is landlord, and the said M. H. Stephens, defendant, is tenant, and that there is and will be due to the landlord from the tenant a debt, to-wit, for rents $44.65, and for advances $55.67, total $99.72 for the current year, 1887." The defendant interposed a plea in abatement, alleging as a ground for quashing the attachment, that it did not sufficiently appear from the affidavit of the plaintiff what was the relation of the plaintiff and defendant; that it did not sufficiently aver that the relation of landlord and tenant existed between them; and that a portion of the claim was for advances; and it does not sufficiently appear from the affidavit for what purposes these advances were made. On the hearing of the plea, the court, as stated in the judgment entry found in this record, overruled a demurrer to the plea, sustained the plea in abatement, and ordered the attachment quashed; and judgment was entered for defendant. The plaintiff appeals, and assigns as error the ruling of the court on the pleading, and the judgment rendered.

JAMES AIKEN, for appellant.—The judgment sustaining the plea of abatement and quashing the attachment was erroneous, as the affidavit was good as to the rents claimed.—*Fitzsimmons v. Howard*, 69 Ala. 590; *Gunter v. DuBose*, 77 Ala. 326; *Reese v. Rugely*, 82 Ala. 267.

W. H. SMITH, JR., *contra.*—The affidavit for attachment was defective in substance, for it should have stated whether a store-house or other house was rented, and if a farm, it should have stated what farm.—*Cockburn v. Walker*, 76 Ala. 486; *Fitzsimmons v. Howard*, 56 Ala. 590. The affidavit was not amendable.—*Robinson v. Ledyard*, 85 Ala. 586.

McCLELLAN, J.—The judgment of the Circuit Court, overruling the demurrer to the plea in abatement, can not be reviewed on this appeal, for the reason that the demurrer is not set out, nor its substance in any wise made to appear in

the record.—3 Brick. Digest, p. 405, § 13; *Morris v. Beall*, 85 Ala. 598.

It sufficiently appears from the affidavit for attachment that the relation of landlord and tenant existed between the plaintiff and defendant; that the latter was indebted to the former in a sum certain, for the rent of land for agricultural purposes; and that he was about to remove the crop from the premises, or otherwise dispose of the same, without paying the rent, and without the consent of the landlord; and the affidavit is, therefore, a sufficient predicate for a writ of attachment for the collection of rent.—Code, §§ 3061 *et seq*. It also, however, embraces a claim for advances, as well as rent; and in respect to this claim the affidavit is manifestly bad, in that it does not set forth the nature or kind of articles advanced, whether live stock, necessary provisions, &c.; or even that the advances were made to enable the defendant to make a crop, or for the sustenance and well-being of the tenant or his family, &c.—*Flexner v. Dickerson*, 65 Ala. 129; *Beard v. Woodard*, 78 Ala. 317.

The plea in abatement, so far as it was addressed to the claim for rents set up in the affidavit, was not well pleaded; but the objections made by it, with reference to the facts alleged as a basis for attachment for advances, were well taken; the affidavit, in other words, is good against the plea as to the one claim, and bad as to the other. The plea, on this state of case, should not have been sustained. What is alleged in the affidavit as to advances is, and is to be treated as, mere surplusage, which, being eliminated, leaves a perfectly good affidavit for rent.—Drake on Attachment, § 105; 1 Am. & Eng. Encyc. of Law, p. 904.

The judgment of the trial court, sustaining the plea and quashing the writ, must be reversed. Judgment is here rendered, overruling the plea, and remanding the cause to the Circuit Court, where it will proceed as upon a claim for rent only.

Reversed, rendered in part, and remanded.