# Mann Lumber Co. *v.* Bailey Iron Works.

## *Attachment.*

(Decided July 3, 1908.   47 South. 325.)

1. *Liens; Enforcement; Complaint; Surplusage.*—The incorporation in the complaint of the affidavit made in attachment proceedings to enforce a blacksmith's lien under sections 2753 and 2754, Code 1896, by way of recital, does not make it a material averment of the complaint; it will be treated as surplusage, and whether or not such affidavit is sufficient to withstand an attack by demurrer, is immaterial.

2. *Same; Manner of Challenge; Motion to Strike.*—Where the affidavit to enforce a blacksmith's lien is incorporated in the complaint by way of recital, and is not made a material averment of the complaint, a motion to strike the affidavit on the ground that it is part of the complaint, and insufficient, is properly overruled; besides, such a motion cannot be resorted to for the purpose of testing the sufficiency of a pleading, but demurrer must be resorted to. (Section 5322, Code 1907.)

3. *Same; Blacksmith's Lien; Enforcement; Sufficiency of Affidavit; Manner of Attack.*—A plea in abatement is the proper mode of raising the question as to the validity of the affidavit as the basis of an attachment to enforce a blacksmith's lien where the objection to the affidavit is that the officer before whom it was made was

[Mann Lumber Co. v. Bailey Iron Works.]

disqualified because he was counsel for plaintiff, and hence, a motion to strike such affidavit on that ground is properly overruled.

4. *Same.*—The proper remedy is by motion to dissolve the attachment where the property levied on in attachment to enforce a backsmith's lien is not liable to the attachment for the reason that plaintiff has no lien on it.

5. *Pleading; Plea to the Merits; Waiver.*—A plea to the merits in an attachment to enforce a blacksmith's lien is a waiver of the defense that the property attached is not subject to the lien.

6. *Liens; Blacksmith's Liens; Enforcement; Judgment.*—As no such finding is required in the enforcement of a blacksmith's lien, so much of the verdict for plaintiff as found that he was entitled to a lien as claimed against the property and judgment thereon should be treated as surplusage, where the general issue was interposed as a defense, and the defense that the property attached was not subject to the lien was stricken as immaterial.

7. *Evidence; Memorandum; Admissibility.*—Where the correctness of a memorandum account had been testified to without challenge it was proper to admit it to aid the jurors to remember as to the testimony of the witnesses.

8. *Appeal and Error; Questions Reviewable.*—Instructions given and refused, not bearing on the question of the amount of the indebtedness, will not be reviewed where the trial court could have given the general affirmative charge, leaving it to the jury to ascertain the amount due.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by the Bailey Iron Works Company against the Mann Lumber Company, in attachment to enforce a blacksmith's lien. From a judgment for plaintiff defendant appeals. Affirmed.

INGE & ARMBRECHT, for appellant. The affidavit was taken before an attorney for the plaintiff and should be stricken.—21 A. & E. Ency. of Law, 570. The property on which a lien was claimed was used in the business of the defendant for the purpose of conducting its business as a common carrier of passengers and freight for hire, which made it a quasi public corporation.—Section 242, Constitution 1901; Section 3459, Code. It being in such use it was not liable to attachment lien.—20 A. & E. Ency. of Law, 296, note 1; *Foster v. Fowler,* 60 Pa. St.

[Mann Lumber Co. v. Bailey Iron Works.]

27; *Leonard v. City of Brooklyn,* 71 N. Y. 498; *Wilkinson v. Hoffman,* 25 Fed. 175; *Nunnally v. Doran,* 110 Ala. 542; *Taylor v. Ypislanti,* 105 U. S. 68. It, therefore, follows that the court erred in striking out the plea setting up this defense. The court erred in admitting the memorandum to the jury.—*Stoudenmier v. Harper,* 81 Ala. 245; *Wagon Lbr. Co. v. Sullivan Logging Co.,* 120 Ala. 573; *Anderson, et al. v. English, et al.,* 121 Ala. 272; *Baird Lbr. Co. v. Devlin,* 124 Ala. 247. Counsel discuss the given and refused charges, but without citation of authority.

FITTS, LEIGH & LEIGH, for appellee. Plea in abatement was the proper way to reach the alleged defects in the affidavit.—*Johnson v. Hanna,* 66 Ala. 127; *Rich v. Thornton,* 69 Ala. 473; *Richards v. Bestor,* 90 Ala. 669. A demurrer will not lie to a part of the complaint.—*L. & N. R. R. Co. v. Hinds,* 121 Ala. 234; *Hester v. Bowdoin,* 96 Ala. 410; *Kennon v. W. U. Tel. Co.,* 92 Ala. 399. Having pleaded to the merits the defense that the property was not subject to the lien was waived.— The court properly permitted the memorandum to go to the jury.—*Foster v. Smith,* 104 Ala. 248; *Hirschfelder v. Levy,* 69 Ala. 351; *Union Refining Co. v. Barton,* 77 Ala. 148; *Mooney v. Hough,* 84 Ala. 87. The defendants certainly induced the plaintiffs to make the repairs on the engine and cannot now deny the ownership.— *Tobias v. Morris & Co.,* 126 Ala. 535; *Ashurst v. Ashurst,* 119 Ala. 219; *Sullivan v. Conway,* 81 Ala. 153.

TYSON, C. J.—The attachment in this case was sued out to enforce a blacksmith's lien.—Sections 2753 and 2754 of the Code of 1896. The pleader, in preparing the count of the complaint upon which the trial was had, set out in extenso in it as a bare recital the affidavit

[Mann Lumber Co. v. Bailey Iron Works.]

upon which the writ of attachment was issued. The demurrer to the count and the motion to strike the affidavit from the file challenges the sufficiency of the statement of facts contained in the affidavit, as shown by the count. The incorporation of the affidavit by way of recital in the count did not make it a material averment of the complaint, descriptive of plaintiff's cause of action. The affidavit was clearly mere surplusage, and was proprely so treated by the trial court. Therefore whether its statements were sufficient to withstand an attack by demurrer under the rule that obtains with respect to pleadings is wholly immaterial.

Upon like consideration, the motion challenging the sufficiency of the affidavit, on the theory that it was a material part of the count, on the ground of defective allegation, was correctly overruled. Furthermore, motions to strike pleadings cannot, in this jurisdiction, perform the office of a demurrer. They can never be resorted to for the purpose of testing the sufficiency of the allegation of any pleading. It is only when a pleading is "unnecessarily prolix, irrelevant or frivolous, or unnecessarily repeated," that it may be stricken on motion.—Section 5322 of the Code of 1907, and cases there cited.

The other motion to strike the affidavit from the file proceeds upon the ground that the officer before whom it was made was disqualified by reason of his being of counsel for plaintiff. Whether or not such a disqualification exists in this jurisdiction was not presented, and could not be presented, by the motion. It might be conceded for the purposes of the discussion that the disqualification existed, and that its effect was to render the affidavit void, and therefore a nullity, and that this defect would be ground to abate the attachment, yet the refusal of the court to entertain the motion is not a revisable error.—*Rich v. Thornton*, 69 Ala. 473.

In *Burt v. Parish,* 9 Ala. 211, it was said: "We have been long satisfied of the proper construction of the recent statutes, requiring the party to avail himself of the objection, if one exists, to the form of proceeding in the primary courts; and in accordance with this opinion we held in the recent decision of *Jones v. Pope,* 6 Ala. 154, that the entire omission of a bond and affidavit must, to be available on error, be taken advantage of in the court below by plea in abatement. It is evident that defects in the affidavit or bond, however gross, cannot avail the party, if their entire omission cannot." As supporting the proposition that a plea in abatement was the proper mode of raising the question of the validity of the affidavit or its sufficiency, see the following cases: *Johnston v. Hannah,* 66 Ala. 127, and cases there cited; *Wright v. Smith,* 66 Ala. 545; *Flexner v. Dickerson,* 65 Ala. 129; *Ballard v. Stephens,* 92 Ala. 616, 8 South. 416.

To the count the defendant interposed two pleas in bar. The first of these was the general issue. The second attempted to invoke the defense that the engine, upon which the repairs were made by plaintiff and upon which the attachment was levied, was not subject to the lien for the repairs made upon it, because the defendant was engaged as a common carrier of freight and passengers for hire, and the engine was used by it for that purpose. On motion of plaintiff this plea was stricken as presenting an immaterial issue. This ruling was correct. If the engine levied upon was not liable to the attachment because the plaintiff had no lien upon it for the repairs, the proper remedy was "a motion in the court below to dissolve the attachment.—*Brown v. Coats,* 56 Ala. 439." *Johnson v. Hannah,* 66 Ala. 127, 129.

As said in *Drakford v. Turk,* 75 Ala. 339: "When an attachment is sued out for a cause of action upon which

[Mann Lumber Co. v. Bailey Iron Works.]

the statutes do not authorize its issue, the irregularity cannot be reached by a plea in abatement or by a motion to quash it. Such plea or motion is appropriate only to reach defects or irregularities apparent on the face of the affidavit, bond, or writ, and do not involve an inquiry into the nature or character of the cause of action. The appropriate method of reaching the objection that the writ will not lie for the enforcement of the particular cause of action is a rule upon the plaintiff to show cause against the dissolution of the writ and its levy; and the motion must precede a plea to its merits." See, also, *Rich v. Thornton, supra; Watson v. Auerbach,* 57 Ala. 353; *Adair v. Stone,* 81 Ala. 116, 1 South. 768; *Harmon v. Jenks,* 84 Ala. 74, 4 South. 260. A plea to the merits was a waiver of the defense sought to be invoked by the plea under consideration, and left for the trial before the jury the simple question of indebtedness vel non.—*Brown v. Coats,* 56 Ala. 439; *Watson v. Auerbach, supra; Giddens v. Bolling,* 93 Ala. 92, 9 South. 427. The trial appears, from the bill of exceptions, to have been conducted by the trial judge in accordance with this view—correctly excluding all inquiry as to the ownership of the engine, the character of business in which the defendant was engaged, and the use to which the engine was put by defendant, etc.

The memorandum account admitted in evidence against defendant's objection was properly admitted to aid the memory of the jurors as to the testimony of the witnesses. Its correctness had been testified to without challenge.—*Hirschfelder v. Levy,* 69 Ala. 351; *Roswald v. Hobbie,* 85 Ala. 73, 4 South. 177, 7 Am. St. Rep. 23; *Mooney v. Hough,* 84 Ala. 80, 4 South. 19; *Foster v. Smith,* 104 Ala. 248, 16 South. 61.

Under the testimony the trial court could well have given the general affirmative charge, with hypothesis, for the plaintiff, leaving to the jury the ascertainment of the

amount of the indebtedness due plaintiff by defendant on account of the work and labor performed and material furnished in repairing the engine. It is therefore unnecessary to review the exceptions reserved to the oral charge of the court, or to review the correctness of its rulings with respect to written charges given for plaintiff or refused to defendant, since none of these rulings relate to or bear upon the only question to be determined by the jury.

So much of the verdict as found that "plaintiff is entitled to a lien as claimed against the engine," etc., and the judgment thereon, should be treated as surplusage. There is no statute which requires this finding in the enforcement of liens of this character, as is the case where the action is to enforce the lien of mechanic and materialman under section 4754 of the Code of 1907 and section 2723 of the Code of 1896. Where those liens are sought to be enforced, the defendant, by appropriate plea, may put in issue the fact of the existence of the lien, and when this is done the verdict of the jury must respond to the issue.—Section 4770 of Code of 1907; section 2739 of the Code of 1896.

Finding no error in the record prejudicial to the appellant, the judgment appealed from must be affirmed.

Affirmed.

HARALSON, SIMPSON, and DENSON, JJ., concur.