# Jefferson County Savings Bank v. The Interstate Savings Bank

## Assumpsit.

(Decided May 16, 1912. Rehearing denied June 19, 1912.
59 South. 349.)

1. *Bills and Notes; Complaint; Requisites.*—A complaint declaring upon a bill of exchange made payable to the order of a named person, when brought by an endorsee plaintiff should show that the bill was endorsed by the payee, or that the plaintiff was its legal holder or owner; hence, the complaint in this case as to counts 3 and 4 was demurrable.

2. *Pleading; Action; Pleas; Requisites.*—Under section 3967, Code 1907, as answer to an action on a bill of exchange, sworn pleas denying the endorsement of the bill by the payee, and plaintiff's ownership thereof, were properly filed, and improperly stricken, as such defenses would not be available thereto under the general issue.

3. *Same; Motion to Strike; Remedy.*—Where pleas are not manifestly irrelevant or frivolous, but merely legally insufficient, such insufficiency should be taken advantage of by demurrer and not by motion to strike.

4. *Bills and Notes; Action; Evidence.*—To recover on a bill of exchange, the burden is on the plaintiff to show such of the endorsement as carry the legal title to him, and without proof of the payee's endorsement, the bill of exchange is not receivable in evidence.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Assumpsit by the Interstate Savings Bank against the Jefferson County Savings Bank. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint was as follows: Count 3. "Plaintiff claims of the defendant the further sum of $400, due on a foreign bill of exchange drawn by it, the said defendant, in the city of Birmingham, Ala., on the 10th day of July, 1909, on the National Bank of Commerce in the city and state of New York, for the payment of $400, to a person claiming himself to be C. B. Rowland, payable to the order of such person, under the name of C. B.

Rowland, which bill of exchange was purchased in due course of trade by the plaintiff from one Edward S. Garren, the holder thereof, which bill of exchange was transferred and delivered thereupon to the plaintiff with the indorsement of said Edward S. Garren, and prior indorsers thereon; that the same was so purchased by the plaintiff before maturity for a valuable consideration, to-wit, the sum of $400, and without notice of any defects in the issuance of said bill, or of any defense against the same existing between the prior indorsers or the makers thereof. Plaintiff avers that said bill of exchange was presented to said National Bank of Commerce for payment and payment refused on the alleged grounds that the payment had been stopped by the defendant, and said bill with interest thereon is still unpaid." Count 4. Same as 3 down to and including the words "city and state of New York," and adds: "For the payment of $400, to one C. B. Rowland on demand. And plaintiff avers that it purchased and became the owner of said bill of exchange from one Edward S. Garren, the holder thereof; but this said bill was indorsed to the plaintiff; that said purchase was made in due course of trade before its maturity for a valuable consideration, to wit, $400, and without notice of defense that existed between the original parties, or had subsequently arisen. And plaintiff avers that said bill of exchange, not having been paid at maturity, was duly protested, all of which the defendant had due notice, and said bill with the demand protest fees and interest thereon is still unpaid." The demurrers were that it was not averred or shown that the said Rowland ever indorsed or signed said bill of exchange to the plaintiff or anybody else; it is not shown or averred that plaintiff is the owner of the bill sued on; for aught that appears, the indorsements thereon were forgeries; it is not sufficient-

ly shown or averred how plaintiff acquired said bill of exchange before maturity when it was payable on demand; it is not averred or shown that Garren was the legal owner of said bill at the time; it is not shown or averred what was the name of the payee of the said bill, or to whom the same was made payable; it is not shown or averred that the payee in said bill of exchange, whoever he may have been, ever indorsed or signed the same to Garren or any one else. These same demurrers were interposed to the fourth count. The pleas were the general issue, and that the bill of exchange upon which this action was founded was not indorsed or assigned by C. B. Rowland, the payee thereof, to any one, or by any one authorized to bind the said Rowland in the premises, and that the plaintiff was not the owner of the bill of exchange, the last two of which were sworn to by a duly authorized officer.

W. T. HILL, and JAMES A. MITCHELL, for appellant. It is essential that the complaint contain an averment that the bill was endorsed by the payee to the plaintiff or to another endorsee.—Section 5382, Code 1907, Form No. 3. The burden is on the plaintiff to show such an endorsement as would carry the legal title to it, and the court, therefore, erred in striking the special pleas, and in receiving the bill in evidence.—*Manning v. Maroney*, 87 Ala. 563; *Cobbs v. Bryant*, 86 Ala. 316; *Garrell v. Lillie*, 40 Ala. 27; *Price v. Lavender*, 38 Ala. 389; Section 3967, Code 1907.

A. C. & H. R. HOWZE, for appellee. Sections 5006-7, Code 1907, define who may sue on negotiable instruments and who is a holder in due corce, and sustain the contention of plaintiff that a holder of paper in due course is thoroughly protected, and hence, there was no error committed by the trial

court, either in the admission of evidence, or its action on the pleading.—*Mabry v. Morris,* 62 Ala. 118; *Blackburn v. Lehman,* 63 Ala. 550; *Ins. Co. v. Quinn,* 73 Ala. 560; *Brown v. 1st Nat. Bank,* 103 Ala. 123; *Woodal v. Peoples Nat. Bank,* 153 Ala. 576. The pleas were not defective in substance, and therefore, not subject to demurrer, and the only recourse was a motion to strike, as irrelevant and immaterial.—*C. & W. R. R. Co. v. Bridges,* 86 Ala. 448; *L. & N. v. Algood,* 113 Ala. 163; *Wellborn v. Jones,* 124 Ala. 580. The second count presents a good cause of action, and hence, the judgment will be referred to that count to sustain the action of the lower court.—*Pritchett v. Pollock,* 82 Ala. 169; *C. of Ga. v. Sims,* 53 South. 826; *Sunflower L. Co. v. Turner,* 158 Ala. 191.

WALKER, P. J.—The third and fourth counts of the complaint were subject to the demurrers interposed to them. It did not appear from the allegations of either of those counts that the bill of exchange sued on had been indorsed by its payee, nor that the plaintiff was its legal holder or owner.—Code, §§ 4985, 4986.

The court was in error in striking the defendant's third and fourth pleas. These were sworn pleas denying the indorsement of the bill of exchange sued on by the payee thereof and the ownership of that paper by the plaintiff. These issues were properly raised by special pleas under oath. They were not raised by the plea of the general issued.—Code, § 3967; *Manning v. Maroney,* 87 Ala. 563; 6. South. 343; 13 Am. St. Rep. 67; *Paige v. Broadfoot,* 100 Ala. 610; 13 South. 426; 14 Ency. of Pleading & Practice, 664. The pleas were subject to amendment if they were defective in any respect.

Any supposed insufficiency of their averments should have been availed of by demurrer, not by motion to

strike, as manifestly they were not irrelevant or frivolous.—*Wefel v. Stillman*, 151 Ala. 149; 44 South. 203; *Mann Lumber Co. v. Bailey*, 156 Ala. 598; 47 South. 325.

To recover on a bill of exchange it is necessary for the plaintiff to prove such of the indorsements as carry the title into him.—*Anniston Pipe Works v. Mary Pratt Furnace Co.*, 94 Ala. 606, 10 South. 259. It was error to receive in evidence the paper sued on without proof of the indorsement thereof by its payee.

Reversed and remanded.